AMENDED COMPLAINT

ORIGINAL

MAUWAI FARHA/J-49325
Name and Prisoner/Booking Number

SVSP
Place of Confinement

P.O. Box 1050/D5-118
Mailing Address

SOLEDAD C.A. 93960
City, State, Zip Code

**FILED**

MAY 14 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

MAUWAI FARHA
(Full Name of Plaintiff)          Plaintiff,

v.

(1) J. FOSS & CADER OF CORRECTIONS
(Full Name of Defendant)

(2) M. JOHNSON

(3) J. FRAILEY

(4) JOHN DOES
                    Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 19-CV-05472-YGR (PR)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☒ Original Complaint
☒ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:

    ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

    ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

    ☒ Other: 28 U.S.C. 1331(1), 1367

2. Institution/city where violation occurred: HIGH DESERT STATE PRISON

## B.  DEFENDANTS

1.  Name of first Defendant: _SEE ORIGINAL FORMAT IN BACK_____. The first Defendant is employed as:

    _____at_____.
                   (Position and Title)                         (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:

    _____at_____.
                   (Position and Title)                         (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:

    _____at_____.
                   (Position and Title)                         (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:

    _____at_____.
                   (Position and Title)                         (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?    ☐ Yes    ☒ No

2.  If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### CLAIM I

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Claim I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate claims.

☒ Basic necessities      ☐ Mail      ☐ Access to the court      ☒ Medical care
☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer      ☐ Threat to safety      ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Claim I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____

5.  **Administrative Remedies:**

a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☒ Yes    ☐ No

b.  Did you submit a request for administrative relief on Claim I?      ☒ Yes    ☐ No

c.  Did you appeal your request for relief on Claim I to the highest level?      ☒ Yes    ☐ No

d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____

**CLAIM II**

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?　　☐ Yes　☐ No
   b. Did you submit a request for administrative relief on Claim II?　　☐ Yes　☐ No
   c. Did you appeal your request for relief on Claim II to the highest level?　　☐ Yes　☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____

4

## CLAIM III

1.  State the constitutional or other federal civil right that was violated: _____
    _____ .

2.  **Claim III.** Identify the issue involved.  Check **only one**.  State additional issues in separate claims.
    ☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care
    ☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer     ☐ Threat to safety ☐ Other: _____ .

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____ .

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?     ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Claim III?     ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Claim III to the highest level?     ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____ .

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

SEE FORMAT IN THE BACK OF THIS FORM

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 4 - 30 - 2020
          DATE                        SIGNATURE OF PLAINTIFF

CHRISTIAN BENITEZ F-66821 / PRISON LAWYER
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

MAUWAI FARHA, ) -49325

SVSP  P.O. Box 1050

SOLEDAD, C.A. 93960


THE SUPERIOR COURT IN THE STATE OF CALIFORNIA

COUNTY OF


MAUWAI FARHA,                          CASE NO.

     PLAINTIFF,                          COMPLAINT UNDER 28 U.S.C. 1983.


    √

J. FOSS - CHIEF DEPUTY WARDEN,

ET. AL, SUED IN THEIR OFFICIAL

AND INDIVIDUAL CAPACITY,

     DEFENDANTS .


INTRODUCTION

THIS IS A CIVIL RIGHTS COMPLAINT ACTION FILED BY MAUWAI FARHA, A STATE PRISONER FOR DAMAGES UNDER, 42 U.S.C. SEC. 1983 AND THE AMERICANS WITH DISABILITY ACT, 42 U.S.C. 12101, AND REHABILITATION ACT, 29 USC. 794, SEC. 504, ALLEGING DELIBERATE INDIFFERENCE TO HIS HEALTH AND SAFETY BY THE DENIAL OF THE BASIC HUMAN NEED. WHERE PLAINTIFF WAS SUBJECT TO UNSANITARY LIVING CONDITIONS. BY THE LEAKAGE RUNNING TO PLAINTIFF'S CELL BY THE TOILET PANEL. IT STINKED AND HE HAD TO CLEAN IT UP CONSTANTLY. THIS IS IN VIOLATION OF THE STATE AND THE 1ST, 8TH, AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION.


i. THIS COURT HAS JURISDICTION OVER THE PLAINTIFFS CLAIMS OF VIOLATIONS OF THE STATE AND FEDERAL CONSTITUTION UNDER 28 U.S.C. 1331(1) AND 1343; 42 U.S.C.

1983 ; 28 U.S.C. 1367 (TORT CLAIM).

2. THE PLAINTIFF, MAUWAI FARHA, WAS INCARCERATED AT HIGH DESERT STATE PRISON, DURING THE EVENTS DESCRIBED IN THIS COMPLAINT.

3. DEFENDANTS PL II M. JOHNSON, AND SBT ). FRAILEY ARE EMPLOYEES AT HDSP (HIGH DESERT) AS MAINTENCE TO ENSURE AND SECURE THE INTEGRITY OF THE INFRASTRUCTURE OF THE INSTITUTION.

4. ALL THE DEFENDANTS HAVE ACTED AND CONTINUE TO ACT UNDER THE COLOR OF STATE LAW AT ALL TIMES RELEVANT TO THIS COMPLAINT.

## STATEMENTS OF FACTS

5. ON 9/11/2016, PLAINTIFF FILED A COMPLAINT VIA 602 THAT FROM NOVEMBER 2015 TO AUGUST 18, 2016, THERE HAD BEEN LEAKAGE FROM UPSTAIRS SHOWER IN C-SECTION AND THE CHASE NEXT TO IT WITH SEWAGE WATER AND HAZARDOUS WASTE THAT FOLLOWED DOWN TO MY CELL BY THE TOILET/SINK PANEL.

6. PLUMBER M. JOHNSON DID NOT REPAIRED THE LEAK. HE STATED TO HAVE REPAIRED IT BUT HE DID NOT OR HIS ATTEMPT FAILED.

7. PLAINTIFF SUBMITTED FORM 22's TO PLANT OPS BEFORE 7/22/2016, REQUESTING EMERGENCY WORK ORDERS WITH NEGATIVE RESULTS.

8. PLAINTIFF WAS INTERVIEWED BY M. JOHNSON OCTOBER 11, 2016, AND DOCUMENTED. THAT HE REPAIRED THE LEAK. PLAINTIFF TOLD JOHNSON THAT IT IS STILL LEAKING. JOHNSON ASK IF PLAINTIFF WOULD WITHDRAWL THE 602 BUT PLAINTIFF DID NOT.

9. ON 8/15/2016, CHIEF DEPUTY WARDEN (CDW) T. FOSS, STATED THAT IT DOES NOT MEET THE CRITERIA OF A STAFF COMPLAINT.

10. THE FIRST LEVEL RESPONSE IN THE 602 WAS PARTIALLY GRANTED ON 10/13/2016, HOWEVER, THE LEAKS STILL WERE NOT REPAIRED.

11. IN THE SECOND LEVEL RESPONSE (SLR) CONTENTION, PLAINTIFF STATED THAT THE BUILDING STAFF STATED THAT OVER 50 WORK ORDERS HAVE BEEN SUBMITTED FOR LEAKS NOT BEING REPAIRED INCLUDING PLAINTIFFS CELL.

12. DURING THE HOUSING ASSIGNMENT IN HDSP, FACILITY B., BUILD. 4, CELL 142
FROM SEPTEMBER 2015 THROUGHOUT JUNE 2016, A PERIOD OF ABOUT 9 MONTHS THE LEAK
WAS NOT REPAIRED EVEN AFTER MANY INFORMAL AND FORMAL REQUEST TO DO SO.

13. DURING THE 9 MONTHS MANY TIME PLAINTIFF SUFFERED MODIFIED PROGRAMS
OR LOCK DOWNS WHERE HE SPENT 24 HOURS A DAY IN HIS ASSIGNMENT ENHANCING
THE POTENTIAL TO HAZARDOUS CONDITION TO GET SICK.

14. PLAINTIFF SUFFERED UNSANITARY CONDITIONS TO THE BASIC HUMAN NEED
AND EXPOSE HIM TO SERIOUS AND MAYBE IRREPARABLE HARM TO HIS HEALTH.

15. PLAINTIFF IS A RECEIPIANT TO THE ADA, HE IS MOBILY IMPAIRED AND AT THE
TIME MENTALLY IMPAIRED. AT THE TIME HE WAS IN A WHEEL CHAIR, POST-SURGERY, OBESITY,
AS PRESCRIBED BY A DOCTOR IN CDCR AT MULE CREEK STATE PRISON (MCSP).

16. PLAINTIFF HAD A HARD TIME CLEANING THE LEAKED SEWAGE WATER. HE
WOULD FORCE HIMSELF TO CLEAN UNDER THE STRESSES POST-SURGERY TO HIS KNEE AND
6 MONTHS PRIOR HIS PROSTATE SURGERY WHICH CAUSE EXCRUTIATING PAIN. I SUFFERED
BASED ON THE DELIBATE INDIFFRENCE OF M. JOHNSON AND HIS SUPERIORS WHO FAILED TO
SECURE THAT THEIR EMPLOYEERS TO DO THEIR JOB.

17. BY THE TIME PLAINTIFF SUBMITTED TO THE SLR ON 10/29/2016, HE
ASSERTED THAT JOHNSON DID NOT REPAIRED THE LEAKS, AS HE STATED HE DID, OR IF
HE EVER DID AT ALL.

18. THE SLR RESPONDED BY S.B.T. J. FRAILEY, STATES, "THE FIRST WORK ORDER
WAS SUBMITTED JULY 29, 2016 ...", THEN STATED, "DURING THE PERIOD OF NOVEMBER 2015
TO DECEMBER 2016 TWO ADDITIONAL WORK ORDERS WERE CREATED BY P.L. II M. JOHNSON
..."

19. THE S.B.T J. FRAILEY FURTHER STATES, "ON FEBRUARY 1, 2016, P.L. II
M. JOHNSON REPAIRED YOUR SINK DRAIN AND CHECKED THE TOILET. ON APRIL 7, 2016
P.L. II M. JOHNSON, CHECKED FOR WATER LEAKS BEHIND THE PANEL IN YOUR CELL.
THE REPAIRS WERE VERIFIED BY P.L. II M. JOHNSON, ON OCTOBER 11, 2016, AND
AGAIN ON NOVEMBER 18, 2016."

20. J. FRAILEY ASSERTS THAT THE LEAKS WERE ADDRESSED, REPAIRED, AND THAT EVERYTHING IS IN WORKING ORDER BY THE ASSISTANCE OF P.L. II M. JOHNSON. THIS IS A LIE. THE LEAK WAS NEVER REPAIRED.

21. A G.A. -22 FORM WAS RECEIVED ON 7/21/2016 AS ACKNOWLEDGED.

22. THE SLR WAS PARTIALLY GRANTED AS IF THE LEAKAGE WAS ADDRESSED. PLAINTIFF SUFFERED THIS UNSANITARY CONDITION FOR 9 MONTHS.

23. P.L. II M. JOHNSON AND SGT J. FRAILEY PLAINLY FALSIFIED DOCUMENTS TO MAKE SEEM THAT THEY DID THEIR JOB. HOWEVER, PLAINTIFF DECLARES THAT IS NOT TRUE.

24. THE THIRD LEVEL RESPONSE (TLR) CASE NO: 1606296, DENIED THE 602 ON FEBRUARY 23, 2017, STATING AND REITERATING JOHNSON'S AND FRAILEY'S RESPONSE THAT THEY DID THEIR JOB. FOUR-(4) WORK ORDERS THAT WERE LOCATED AND THAT THEY WERE ADDRESSED.

25. THROUGHOUT 9 MONTHS OF PLAINTIFF'S HOUSING ASSIGNMENT HE COMPLAINED THAT HE IS SUFFERING FROM PAIN DUE TO HIS MEDICAL CONDITION THAT WERE EXACERBATED DUE TO CONTINUALLY CLEANING THE SEWAGE LEAKAGE IN HIS HOUSING ASSIGNMENT.


UNSANITARY CONDITIONS

26. P.L. II M. JOHNSON WAS DELIBERATE INDIFFERENT BY FAILING TO REPAIR THE LEAK. FURTHER, HE LIES WITH SGT. J. FRAILEY BY FALSIFYING DOCUMENTS TO EXPRESS THAT THE LEAK WAS REPAIRED AND UPHELD BY THE PRISON ADMINISTRATION.

27. 602 LOG # HDSP-16-02925, TLR CASE N°: 1606296, WAS DENIED AT THE TLR BUT PARTIALLY GRANTED AT THE FLR AND SLR TO REFLECT THAT THE PROBLEM WAS REPAIRED. PLAINTIFF CONTENDS THAT IT WAS NOT.


EXHAUSTION OF REMEDIES

28. PLAINTIFF HAS FULLY EXHAUSTED HIS ADMINISTRATIVE REMEDIES AT THE INSTITUTIONAL LEVEL. EXHAUSTION IS DATE STAMPED 2/23/2017, WELL WITHIN THE STATUTE OF LIMITATIONS AND THE PLRA, 42 U.S.C. 1997e. PLAINTIFF NOW PROPERLY

FILES TO THIS FEDERAL COURT.

### AMERICANS WITH DISABILITY ACT (ADA)

29. PLAINTIFF IS A RECIPIENT OF THE ADA. HE IS MOBILY AND AT THE TIME MENTALLY IMPAIRED, AMONG OTHER THINGS.

### CLAIMS FOR RELIEF

30. THE ACTIONS OF DEFENDANTS M. JOHNSON, BY FAILING TO REPAIR THE LEAKAGE WAS DONE DELIBERATELY INDIFFRENT, MALICIOUS AND SADISTICALLY AND CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE 8TH AMENDMENT OF THE U.S. CONSTITUTION AND STATE TORT UNDER SUPPLEMENTAL JURISDICTION.

31. THE ACTION OF DEFENDANT J. FRAILEY, TO ADOPT BY FALSIFYING DOCUMENTS AND THE FAILURE TO VISUALLY INSPECT THE AREA WITH THE LEAKAGE COMPLAINED ABOUT CONSTITUTES DELIBERATE INDIFFERENCE, MALICIOUS AND SADISTIC AND CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE 8TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION AND STATE TORT UNDER SUPPLEMENTAL JURISDICTION.

### RELIEF REQUESTED

WHEREFORE, PLAINTIFF REQUEST THAT THIS COURT GRANT THE FOLLOWING RELIEF:

A. AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNTS:

i. $25,000, JOINTLY AND SEVERALLY AGAINST DEFENDANT JOHNSON AND FRAILEY FOR THE FAILURE TO REPAIR THE LEAKAGE CAUSING PHYSICAL AND EMOTIONAL INJURIES DUE TO MESHING IT WITH THE MENTAL ILLNESS OF BI-POLAR DIAGNOSIS.

2. $50,000, JOINTLY AND SEVERALLY AGAINST DEFENDANTS JOHNSON AND FRAILEY FOR THE FALSIFICATION OF DOCUMENTATION TO TRY TO ESCAPE LIABILITY THAT CAUSE PLAINTIFF THE DEPRAVATION OF THE FACTS STATE ABOVE, LIBERTY AND AMENITY RESULTING BY THE MANIPULATION OF THE PROCESS IN CONNECTION WITHIN THIS COMPLAINT.



B. Award punitive damages in the following amounts:

1. $25,000, each against defendants Johnson and Frailey.

2. $50,000, each against defendants Johnson and Frailey for falsifying governmental documentation.

C. Grant such other relief as it may appear that plaintiff is entitled.

Date: 4-30-2020

Respectfully submitted,

Farha, J-49325
SVSP P.O. Box 1050
Soledad, CA. 93960

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

PLAINTIFF CONSTANTLY REQUESTING TO HAVE A LEAK REPAIRED OVER 9 MONTHS WITHOUT REPAIR AMOUNTS TO DELIBERATE INDIFFERENCE. FURTHER, THE MISCONDUCT CONTINUES WHERE REPORTS WERE FALSIFIED TO MAKE APPEAR THAT THE LEAK WAS REPAIRED. PLAINTIFF IS MENTALLY AND PHYSICALLY IMPAIRED (DISABLED), HE HAD JUST RECEIVED A KNEE SURGERY. 6 MONTHS PRIOR A PROSTATE SURGERY. HE SUFFERS FROM PAIN DUE TO THE SURGERY AND WORSEN WHEN HE CLEANED THE SEWAGE WATER LEAKED INTO HIS HOUSING ASSIGNMENT FOR MONTHS. THE CONSTANT CLEANING CAUSED THE HEALING PROCESS TO IRREPARABLE INJURY.

THE ADMINISTRATION WAS PLACED ON NOTICE OF THE LEAK AND PLAINTIFF WAS SYSTEMATICALLY PACIFIED TO PAPERWORK ASSERTING THAT THE LEAK WAS REPAIRED BUT IT NEVER WAS.

PLAINTIFF WAS AT THE ENHANCE OUTPATIENT (EOP) LEVEL OF CARE (LOC.) IN THE MENTAL HEALTH SERVICE DELIVERY SYSTEM (MHSDS), SUFFERING FROM A MENTAL ILLNESS OF BI-PLAR, DIAGNOSED BY A LICENCES PROFESSIONAL. AS A VARIANCE OF DIAGNOSES HAVE BEEN DOCUMENTED IN PLAINTIFFS MEDICAL FILE SINCE 1994. PLAINTIFF IS ALSO PHYSICALLY DISABLED. PLAINTIFF WILL ENJOY THE PROSPECTS AND PROVISIONS OF THE ADA AND RA.

### GROUND I

THE DENIAL OF SANITARY CONDITIONS THAT ARE CLEARLY ESTABLISHED AND THE ADMINISTRATION WAS PLACED ON NOTICE WITH THE BLATANT DISREGARD AND FALSIFICATION OF DOCUMENTS TO ESCAPE LIABILITY BY THE DELIBERATE INDIFFRENCE IS IN VIOLATION OF STATE TORT UNDER SUPPLE-MENTAL JURISDICTION AND THE FEDERAL CONSTITUTION.

THIS CASE IS REALLY PLAIN AND EASY. THE P.L. II M. JOHNSON FAILED TO COMPETENTLY REPAIR THE LEAK OR LIED ABOUT EVER ATTEMPTING TO REPAIRING IT. THEN FALSIFIES DOCUMENTATION IN THE ATTEMPT TO ESCAPE LIABILITY.

This violation falls perfectly to deliberate indifference as predicated in Estelle v Gamble, 429 U.S. 97 (1976); Farmer v Brennan, 511 U.S. 825, 832 (1994), (the Farmer test holds that the subjective component is necessary because prisoners can only make allegations that such occured and mesh that with the objective component.)

The falsification of documents is a crime under P.C. 118, and 118.1. As a prisoner I could only assert that such did occure. I continuously complained about the issue as documented until I was moved from that cell in the interim of the SLR. I emphasize that the responses were falsity to escape liability, see e.g., Johnson v Mullin, 422 F. 3d 1184, 1187 (10 Cir 2005). I was "posed an unreasonable risk of serious damage to plaintiffs' future health by exposing him to such hazardous conditions, Hellings v McKinney, 509 U.S. at 33 (1993); Hope v Pelzer, 536 U.S. 730, 738 n.8 (2002)

It was common knowledge that I was ADA as plaintiff was physically and mentally disable. Dominguez v Correctional Medical Services, 555 F.3d 543, 550 (6 Cir 2009); Accord Mahan v Plymouth Co. House of Corrections, 64 F.3d 14, 18 (1 Cir 1995). This medical fact also implies that a risk existed and failed to abate the deficiency, Alsani-Ortiz v LaBoy, 400 F.3d 77, 81-82 (1 Cir. 2005); Gibson v Co. of Washoe, Nev., 290 F.3d 1175, 1190-91 (9 Cir. 2002).

I initially filed CDCR 1824 Log # HDSP-B-16-02718, as a ADA recepiant. The reasonable accomodation panel (RAP) stated that the leak was repaired and "no interim accomodation required". The factor of plaintiffs' disabilities considering the ADA provides a different plain in law. There was a systematic deficiency, plaint-iff was ignored as he process his grievance where he suffered

UNNESSARILY AND INEVITABLY, THIS CONSTITUTES DELIBERATE INDIFFRENCE, TODARO V WARD, 565 F.2d 48, 52 (2 CIR. 1997). THE DEFICIENCY IS NOT DUE TO LACK OF KNOWLEGE, IT IS THE BLATANT DISREPECTS TO PRISONERS. HOWEVER THE PREJUDICE DOES NOT COME INTO CONSIDERATION WHEN THE DENIAL TO PROVIDE SERVICE TO REPAIR THE LEAK WASN'T REPAIRED.

PLAINTIFF CONTINUES TO SUFFER FROM A SERIOUS MEDICAL NEED TIL THE DAY. THE 8TH AMENDMENT PROSCRIBES UNREASONABLE AND WANTON INFLICTION OF PAIN, ESTELLE V GAMBLE, 429 U.S. AT 104, MANY COURTS HAVE EMPHESIZED PAIN IN DETERMINING WHAT ARE SERIOUS NEEDS, MCGUCKIN V SMITH, 974 F.2d 1050, 1060 (9 CIR. 1992); JOHNSON V BOWENS, 884 F.2d 1053, 1056 (8 CIR 1989)

### SHELTER

PLAINTIFFS SHELTER CREATED AN ISSUE WHERE SEWAGE WAS LEAKING INTO AND AROUND HIS TOILET/SINK PANEL THREATEN HIS HEALTH BY ALLOWING THE LEAKAGE FOR 9 MONTHS, A HAZARDOUS CONDITION BECAUSE FECAL MATTER CAN CAUSE AIRBOURNE PARTICULETS THAT CAN CAUSE SERIOUS ILLNESS, CONTAMINATIONS TO PLAINTIFF, TOUSSAINT V MCCARTHY, 597 F.SUPP. 1388, 1411 (N.D. CAL. 1984), AFF'D IN PART REV'D IN PART ON OTHER GROUNDS, 801 F.2d 1080 (9 CIR 1986); VINNING-EL V LONG, 482 F.3d 923, 924 (7 CIR. 2007). PRISONERS MUST HAVE FULLY FUNCTIONING PLUMBING SYSTEM, THESE SYSTEM CAN CONTRIBUTE TO ILLNESS OR AIRBOURNE DISEASE AND THUS IMPLICATE A CONSTITUTIONAL VIOLATION, CARTY V FARRELLY, 957 F.SUPP. AT 736; DENNIS V THURMAN, 959 F.SUPP. 1253, 1261 (C.D. CAL. 1997). CELLS FLOODED WITH SEWAGE AND FOUL WATER IS A CLEAR VIOLATION OF THE 8TH AMENDMENT, MCCORD V MAGGIO, 927 F.2d 844, 847 (5 CIR. 1991). PROXIMITY TO HUMAN WASTE EVEN FOR RELATIVELY SMALL AMOUNT OF TIMES IS OF CONCERN TO COURTS IN SANITATION CASES, JOHNSON V LEWIS, 217

4

F.3d 726, 732-33 (9 CIR 2002).

## GROUND II

THE AMERICANS WITH DISABILITY ACT AND THE REHABILITATION ACT.

PLAINTIFF IS IN FACT PHYSICALLY AND AT THE TIME MENTALLY DISABLE, HE IS A ARMSTRONG AND COLEMAN CLASSMEMBER FOR THIS COMPLAINT PURPOSES, COLEMAN V WILSON, 912 F.SUPP. 1146 (N.D. CAL. 1995); ARMSTRONG V WILSON, NO. C94-2307CW, AND ITS FUTURE PROGENY. PLAINTIFF IS DIAGNOSED BY A LICENCED PROFESSIONAL TO SUFFER THE MENTAL ILLNESS OF BI-POLAR SUBTYPES SINCE 1994. PLAINTIFF ALSO HAS BEEN DEEMED MEDICALLY MOBILITY IMPAIRED FROM PROSTATE AND KNEE SURGERY.

DUE TO THE ABOVE STATES IN TOTALITY I WAS DISCRIMINATED DUE TO MENTAL AND/OR PHYSICAL DISABILITY, INCLUDING, THE IMPLIED FACT THAT THE REPAIRED NEVER HAPPEND. THAT FACT DENIED PLAINTIFFS' EQUAL PROTECTION OF THE LAWS, MORE V FARRIER, 984 F.2d 269, 271-72 (8 CIR. 1993).

PLAINTIFF FALLS UNDER THE ADA DISABILITY STATUTES, 42 U.S.C. 12101 et. seq.; AND SECTION 504 OF THE R.A., 29 U.S.C. 794, IT APPLIES TO PRISONERS, PENNSYLVANIA DEPT. OF CORRECTIONS V YESKEY, 524 U.S. 206 (1998). THE STATUTES PROVIDES THAT "PUBLIC ENTETIES" SHALL NOT DISCRIMINATE BY REASONS OF SUCH DISABILITY EITHER MENTALLY AND/OR PHYSICAL, 42 U.S.C. 12132(1)(B); SEE THOMPSON V DAVIS, 795 F.3d 890, 897-98 (9 CIR. 2002).

THE ADA WAS BROADENED BY LEGISLATURE, LYTES V D.C. WATER AND SEWER AUTHORITY, 572 F.3d 936, 939-42 (D.C. CIR 2009); SEE PUB.L. NO. 110-375, SEC. 2, SEPT. 25, 2008, 122 STAT. 3553. (IN THE HISTORICAL NOTES OF 42 U.S.C. 12101.)

5

THE 11TH AMENDMENT DEFENSE TO SOVEREIGN IMMUNITY IS NOT APPLICABLE FOR CLAIMS BY STATE PRISONERS WITH ADA AND/OR R.A. APPLICATION, AT LEAST FOR ADA DAMAGES AGAINST THE GOVERNMENT THEY WORK FOR, IN ADDITION TO 1983 DAMAGES CLAIMS, U.S. V GEORGIA, 546 U.S. 151, 155-160. THIS DEFENSE IS ALSO NOT AVAILABLE FOR R.A. CLAIMS WHEN THE COLR RECEIVES FEDERAL FUNDING, PHIFFER V COLUMBUS RIVER CORRECTIONAL INST., 384 F.3d 791 (9 CIR 2004); ARMSTRONG V DAVIS, 275 F.3d 849, 878 (9 CIR 2001); LOVELL V CHANDLER, 503 F.3d 1039, 1051 (9 CIR 2002).

BOTH THE ADA AND RA COMPLIMENT EACH OTHER IN THE LEGAL SPECTRUM. THERE IS A VARIENCES IN TECHNICALITY. HOWEVER, THEY DONT IMPEDE OR CONFLICT A BETTER OUTCOME IN A LEGAL STANDARD, 42 U.S.C. 12201 (a).

THE 9TH CIRCUIT HAS HELD THAT A SHOWING OF DELIBERATE INDIFFERENCE AND OR THE INTENTIONAL DISCRIMINATION IS REQUIRED TO RECOVER DAMAGES UNDER EITHER THE ADA AND RA, FERGUSON V CITY OF PHONIX, 157 F.3d 668, 674-75 (9 CIR. 1998). THIS COMPLAINT IS GENERALLY CLAIMING A CONSTITUTIONAL VIOLATION, EQUAL PROTECTION, DISCRIMINATORY ANIMUS OF SUBSTANTIVE RIGHTS. THESE FACTS ARE CONSIDERED BY GARCIA V S.U.N.Y. HEALTH SCIENCES CENTER OF BROOKLYN, 280 F.3d 98, 112 (2 CIR 2001). IT IS EXPRESSED THAT THE SUPREME COURT DECISION IN TENNESSE V LANE, 541 U.S. 528-33 (2004), UNDERMING THE GARCIA CASE. HOWEVER, IN DEGRAFINFELD V RICK, 417 F.S.UPP. 2d 403, 409-411 (S.D. N.Y. 2006). THE COURT HELD THAT GARCIA REQUIREMENTS REQUIRES THAT PLAINTIFF SHOW DISCRIMINATORY ANIMUS, BOLMER V OLIVIERA, 594 F.3d 134, 147 (2 CIR. 2010).

PLAINTIFF CLAIMS MORE THAN JUST DISCRIMINATORY ANIMUS. OVERALL HE CLAIMS SUBSTANTIVE U.S. CONSTITUTIONAL VIOLATIONS AND STATE TORT CLAIMS UNDER SUPPLEMENTAL JURISDICTION.

Conclusion

PLAINTIFF ALLEGES CONSTITUTIONAL VIOLATIONS GENERALLY INMESHED WITH THE ADA AND RA DISABILITY STATUTES. THIS COURT WILL INTERTAIN AND GIVE ANY AND ALL REMEDIES AVAILABLE. THIS COMPLAINT WILL BE LIBERALLY CONSTRUED IN THE PLAINTIFFS' BENEFIT. THIS COURT CAN ALSO, IN ITS JURISDICTION PROVIDE PROFESSIONAL COUNSEL WHEN A COGNIZABLE CLAIM HAS BEEN GRANTED.

THEREFORE, PLAINTIFF COMPLAINS.

# EXHIBIT 

State of California                                                    Department of Corrections and Rehabilitation

# Memorandum

Date    :    October 13, 2016

To      :    Farha, J49325
             FBB4-142 ✓
             High Desert State Prison

Subject:    **APPEAL LOG # HDSP-B-16-02925 FIRST LEVEL RESPONSE**

**APPEAL DECISION:** Appeal is partially granted.

**APPEAL ISSUE:** You state in your appeal that the C Section upper shower leaks into your cell and goes down the wall from your ceiling. You also state that the lower shower leaks into your cell behind your toilet and sink.

**APPEAL REQUEST:** You are requesting the leak in your cell be repaired, free staff be investigated, and that you are compensated for this issue.

**APPEAL RESPONSE:** Inmate Farha, you were interviewed on October 11, 2016, by M. Johnson, Plumber II (PL II). During the interview you stated that you wanted monetary compensation for the water leaking into your cell and the leaks were not repaired. In reaching a decision on your appeal, your CDCR Form 602 and its attachments, applicable sections of the California Code of Regulations Title 15, the Department Operations Manual, and the Penal Code were reviewed and considered.

A review of the High Desert State Prison Test of Adult Basic Education (TABE) database indicates that you do not have a Reading Grade Point Level below 4.0. Your TABE score is 9.1 per the Disability and Effective Communication System (DECS). Further review of DECS reveals that you have no disabilities requiring special accommodation to achieve effective communication. However, effective communication was achieved during your First Level interview by using normal conversational tones, your personal interaction with the interviewer, and the detail with which you were able to restate the discussion in your own words.

Inmate Farha, you stated the leak into your cell was not repaired. M. Johnson, Plumber II, repaired the leaks into your cell on August 11, 2016. M. Johnson, Plumber II re-verified on October 11, 2016 that there were no leaks in your cell.

Inmate Farha, your appeal was reviewed by the Chief Deputy Warden on August 15, 2016, for processing as a Staff Complaint. On August 15, 2016, the Chief Deputy Warden determined your appeal did not meet the criteria to be processed as a Staff Complaint. As such, no personnel issues will be addressed.

Your request for monetary compensation is beyond the scope of the appeals process and therefore is denied.

Farha, J49325
Page 2

Your CDC-602 Inmate Appeal has been reviewed for consideration as processing as an emergency appeal and has been determined that your appeal does not meet the criteria outlined in CCR Section 3084.9.

Based on the above information, your CDCR Form 602 is partially granted.

H. WAGNER
Associate Warden
High Desert State Prison

cc:  ERMS File
     Appeal File

Appeal Log #: HDSP-B-16-02925

State of California                                                              Department of Corrections and Rehabilitation

# Memorandum

Date    :    December 1, 2016

To      :    Inmate Farha, J49325
             FBB4-142 √
             High Desert State Prison

Subject:    **APPEAL LOG # HDSP-B-16-02925 SECOND LEVEL RESPONSE**

**APPEAL DECISION:** Appeal is partially granted.

**APPEAL ISSUE:** You state that your cell still leaks when it rains and you are asking for monetary compensation for the nine months you had to live in unsanitary conditions. You also state that Plumber II (PLII) M. Johnson, did not repair the leaks professionally.

**APPEAL REQUEST:** You are requesting monetary compensation and for the leaks in your cell to be repaired.

**APPEAL RESPONSE:** Inmate Farha, you were interviewed on November 18, 2016, by Supervisor of Building Trades (SBT) J. Frailey. During the interview you stated you were going to keep filing appeals until you were awarded monetary compensation for this CDCR 602 appeal. SBT J. Frailey, and PL II M. Johnson, inspected the repairs again during the interview. SBT J. Frailey, and PL II M. Johnson, inspected the cell for water leaks and found the areas to be dry. SBT J. Frailey, and PL II M. Johnson, also inspected the plumbing chase for leaks and ran the showers to see if they were leaking during use. SBT J. Frailey, and PL II M. Johnson, determined all of the plumbing was functioning properly. SBT J. Frailey explained that Carpenter II N. Mustain, will apply epoxy to the roof and floor joints to prevent any further water leaks during rain storms. You stated that numerous emergency work orders were submitted by the Correctional Officers for the issues listed in your appeal. Plant Operations only received two work orders from staff from November 2015 to November 2016 regarding the issues listed in your CDCR 602 appeal. The first work order was submitted July 28, 2016, regarding your sink leaking and the second work order was submitted August 11, 2016, regarding the C section shower leaking into your cell. A GA-22 form was received, and processed, from you on July 21, 2016, requesting the water leaks underneath your toilet and sink be repaired. During the period of November 2015 to December 2016 two additional work orders were created by PL II M. Johnson, during his daily rounds. On February 1, 2016, PLII M. Johnson repaired your sink drain and checked the toilet. On April 7, 2016, PL II M. Johnson, checked for water leaks behind the panels in your cell. The repairs were verified by PL II M. Johnson, on October 11, 2016, and again on November 18, 2016.

In reaching a decision on your appeal, your CDCR Form 602 and its attachments, applicable sections of the California Code of Regulations Title 15, the Department Operations Manual, and the Penal Code were reviewed and considered.

Inmate Farha, J49325
Page 2

Inmate Farha, your appeal was reviewed by the Chief Deputy Warden on August 15, 2016, for processing as a Staff Complaint. On August 15, 2016, the Chief Deputy Warden determined your appeal did not meet the criteria to be processed as a Staff Complaint. As such, no personnel issues will be addressed.

Your request for monetary compensation is beyond the scope of the appeals process and will not be addressed in this CDCR 602 response.

A review of the High Desert State Prison (HDSP) Test of Adult Basic Education (TABE) database indicates that you do not have a Reading Grade Point Level of 4.0 or below. Your TABE score is 9.1 per the Disability and Effective Communication System (DECS). Further review of DECS reveals that you have no disabilities requiring special accommodation to achieve effective communication. However, effective communication was achieved during your interview by using normal conversational tones, your personal interaction with the interviewer, and the detail with which you were able to restate the discussion in your own words.

All submitted documentation and supporting arguments have been considered. Additionally, a thorough review has been conducted into your claim and evaluated in accordance with HDSP's institutional procedures and departmental policies.

Based on the above information, your CDCR Form 602 is partially granted.

If you are dissatisfied with this decision, you may appeal to the Third Level by following the instructions on the back of your CDCR Form 602.

T. FOSS
Chief Deputy Warden
High Desert State Prison

cc: ERMS File
    Appeal File

Appeal Log #HDSP-B-16-02925

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

# THIRD LEVEL APPEAL DECISION

Date:  FEB 2 3 2017

In re:  Mauwai Farha, J49325
High Desert State Prison
P.O. Box 270220
Susanville, CA  96127

TLR Case No.: 1606296          Local Log No.: HDSP-16-02925

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner T. Lee, Captain.  All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:**  It is the appellant's position that there has been a leak in the appellant's cell from November 2015, through August 18, 2016.  The appellant contends a CDCR Form 1824, Reasonable Accommodation or Modification Request was submitted on the leak that is coming from the upstairs shower in section "C".  The appellant asserts the leak contains sewage and that Plumber II, M. Johnson has not fixed the leak.  The appellant requests the "free staff" be investigated; to be compensated for the work and headache suffered; and for the leak to be fixed.

**II  SECOND LEVEL'S DECISION:**  The reviewer found basis to partially grant the appeal.  The Second Level of Review (SLR) established that the Supervisor of Building Trades (SBT), J. Frailey and Plumber II Johnson inspected the appellant's cell for water leaks; found the appellant's cell to be dry and determined all of the plumbing was functioning property.  SBT informed the appellant that Carpenter II, N. Mustain, would apply epoxy to the roof and floor joints to prevent any further water leaks during rain storms.  The SLR identified two previous work orders were located.  The first one was submitted on July 28, 2016, regarding the appellant's sink and the second was received on August 11, 2016, regarding section "C" shower, leaking into the appellant's cell.  The SLR found two from November 2015 to December 2016; two additional work orders were created by Plumber II Johnson during his daily rounds.  The SLR found on February 1, 2016, the appellant's sink drain was repaired and the appellant's toilet was checked; and on April 7, 2016, the appellant's cell was checked for water leaks behind the panels of the appellant's cell.  The SLR notes requests for monetary compensation are beyond the scope of the appeals process.  The appeal was partially granted at the SLR.

**III  THIRD LEVEL DECISION:**  Appeal is denied.

**A.  FINDINGS:**  The Third Level of Review (TLR) finds that the appellant's concerns have been adequately addressed by the previous levels of review.  The TLR notes the SLR confirmed an inspection of the appellant's cell found the cell to have no leaks.  The TLR notes SBT has documented all repairs made to the appellant's cell, and has kept track of the work orders and requests.  The TLR concurs that monetary compensation is beyond the scope of the appeals process.  In view of the above information, further relief cannot be afforded at the TLR.

The appellant indicated that the appeal was to be considered as an emergency.  Following review of the issues, it was found not to have met the emergency criteria as described in California Code of Regulations, Title 15, Section (CCR) 3084.9(a).  The appeal was processed as a routine matter.

**B.  BASIS FOR THE DECISION:**
CCR: 3000, 3001, 3084.1, 3270, 3380

**C.  ORDER:**  No changes or modifications are required by the Institution.

MAUWAI FARHA, J49325
CASE NO. 1606296
PAGE 2


This decision exhausts the administrative remedy available to the appellant within CDCR.  If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, Government Claims Unit, P.O. Box 3035, Sacramento, CA  95812-3035, for further review.



T. LEE, Appeals Examiner
Office of Appeals

M. VOONG, Chief
Office of Appeals

cc:     Warden, HDSP
        Appeals Coordinator, HDSP

DRAFT

# REASONABLE ACCOMMODATION PANEL (RAP) RESPONSE

RAP Meeting Date: 07/28/16          Date IAC Received 1824: 7/27/2016          **1824 Log Number:** B-16-02718

Inmate's Name: Farha                **CDCR #:** J49325          Housing: B4-142 ✓

**RAP Staff Present:** R. St. Andre **ADA Coordinator (A),** M. Boretz **Mental Health Clinician,** S. Abdur-Rahman **Physician,** F. Motts **Associate Governmental Program Analyst Medical,** L. Bolls **Associate Governmental Program Analyst Inmate Appeals Office,** E. Griffith **Physician** (telemed).

**Summary of Inmate's 1824 Request:** (DPO) *Inmate Farha states that he is tired of cleaning up the water behind his toilet and sink. Inmate Farha is requesting maintenance to caulk the floor rand the corner wall to seal the leak.*

## Interim Accommodation:

☒ No interim accommodation required:

☐ Interim Accommodation provided (List accommodation and date provided):

☐ RAP rescinding interim accommodation:

## FINAL RESPONSE:

## RAP is unable to process the following request(s):

☐ Paroled/discharged/transferred.

☐ Refused to cooperate.

☐ Duplicate request.  See CDCR 1824 log #:

☐ Other:

## RAP is able to render a final decision on the following:

**Response:** *RAP convened on 07/28/16 to review the CDCR 1824 that was submitted by inmate Farha on 07/27/16. On 07/27/16 the leak in inmate Farhas cell was repaired by plumber M. Johnson. Therefore inmate Farha request in his CDCR 1824 is approved.*

**Direction if dissatisfied:** If you disagree with this decision and want to file an appeal, be sure to attach a copy of this response along with your CDCR 1824 as supporting documents.

R ST. ANDRE AW          R. H. Candle          Date sent to inmate:  8·5·16 un
**ADA Coordinator/Designee**          **Signature**                                G·1

State of California                                          Department of Corrections and Rehabilitation

| REASONABLE ACCOMMODATION REQUEST<br>CDCR 1824 (rev: ?/2014) | INSTITUTION (staff use only):<br>HDSP B-10 | EC?<br>Y/N | LOG NUMBER (staff use only):<br>02718 |
|---|---|---|---|

**\* \* \* TALK TO STAFF IF YOU HAVE AN EMERGENCY \* \* \***

Date Received by Staff (staff use only):
RECEIVE
JUL 27 201[6]

**Do not** use a CDCR 1824 to request health care or to appeal a health care decision. This may delay your access to health care. Instead, submit a CDCR 7362 or a CDCR 602-HC.

| INMATE'S NAME (Print)<br>FARHA MAUT | CDCR NUMBER<br>J-49325 | ASSIGNMENT | HOUSING<br>B4-142L |
|---|---|---|---|

**INSTRUCTIONS**

- You may use this form if you have a physical or mental disability or if you believe you have a physical or mental disability.
- You may use this form to request a specific reasonable accommodation which, if approved, will enable you to access and/or participate in a program, service, or activity. You may also use this form to submit an allegation of disability-based discrimination.
- Submit this form to the Custody Appeals Office.
- The CDCR 1824 is a request process, not an appeal process. All CDCR 1824 requests will receive a response. **Do not** use an 1824 to request a response for a group of inmates. If you have received an 1824 decision that you disagree with, submit an appeal (CDCR 602, or 602-HC if disagreeing with a medical diagnosis/treatment decision).

**WHAT CAN'T YOU DO / WHAT IS THE PROBLEM:** I am tierd of cleaning up this water behind my toilet and sink

**WHY CAN'T YOU DO IT:** I am ADA in a wheelchair

**WHAT DO YOU NEED:** I want maintenance to put some caulking on the floor and the corner of the wall to seal the leaking.

_____ (use the back of this form if you need more space)

**Which of the following best describes your disability that caused you to file this request:**

☑ Difficulty walking or getting around    ☑ Difficulty seeing    ☐ Difficulty hearing    ☐ Difficulty talking    ☐ On kidney dialysis

☑ Difficulty using arms/hands    ☑ Difficulty learning    ☑ Difficulty thinking or understanding    ☑ Mental impairment

☑ Other Disability (briefly describe): Back and Knee

| DO YOU HAVE ANY DOCUMENTS THAT DESCRIBE YOUR DISABILITY?    Yes ☐    No ☐    Not Sure ☐ |
|---|
| (List and attach documents if available, including: 1845, 7410, 128-C): _____ |

I understand staff have a right to interview or examine me, and my failure to cooperate may cause this request to be disapproved.

_____    J-49325          7-27-16
**INMATE'S SIGNATURE**                                         **DATE SIGNED**

Assistance completing this form provided by:   Peterson      Stan      Stan Peterson
                                           Last Name         First Name         Signature

| ☐ IAP is not required as the CDCR 1824 contains no disability access or discrimination issues. | _____ | _____ |
|---|---|---|
| | Person making determination | Title |

OP #612                                                                ATTACHMENT S

## EFFECTIVE COMMUNICATION REQUIRED

Name: FARILA          CDCR # J49325      Log # HDSP- B-16-02925

☑ Listing of "Inmates with TABE Reading Scores 4.0 or Less" indicates: ☑ RGPL is above 4.0  or  ☐ RGPL is 4.0 or below  9.1

☐ "Assistive Device Listing" and / or indicate(s): ☐ The inmate is not listed with a disability.

☐ Listing of "HDSP Inmates with Verified Learning Disabilities" indicates: ☑ The inmate is not listed with a learning disability.  or →

☑ DOCUMENTED DISABILITY(IES) NOTED AS:   DPO

☑ No special communication needs were noted before the interview.   ☐ A magnifying lens has previously been issued.

Special needs requiring accommodation to achieve effective communication:

---

*The above has been verified by the appeals office*

### EFFECTIVE COMMUNICATION MUST BE ASSURED AT THE BEGINNING OF EVERY INTERVIEW! THERE ARE NO EXCEPTIONS!

NOTE: Any indication before or during the interview that the inmate may need assistance of any kind to understand the interview and / or the written appeal response, must be documented on this form and addressed in the appeal response. Use the following guidelines:

The appeal response is to state the kind of communication that was used during the personal interview, *and the name of the interpreter.* This can be any one of the following: Indicate which method was actually used for the interview.

☑ Oral interview using
   ☑ normal conversational tones
   ☐ simple English
   ☐ slower speech

☑ Written notes - all notes must be attached to, and remain with, the appeal.
☐ Signing (ASL) or ☐ foreign language interpreter   Name:_____
Name the interpreter in the response.          Language:

   If the inmate    ☐ loud speech - There must be an indication that the inmate responded appropriately.
   is DNH           ☐ hearing aids
                    ☐ lip reading - Use only as a last resort: *ARP II.E.2.e states: An inmate's ability to lip read shall not be the sole source used by staff as a means of effective communication ... unless the inmate has no other means of communication.*

---

The response memorandum must indicate how the interviewer was certain that the inmate was able to understand what was stated during the interview.    This may be established by:
☑ the inmate's personal interaction with the interviewer.
☑ the detail with which the inmate was able to restate the discussion in his own words.
☐ the inmate's mannerisms.
   (How he carried himself – body language – expression – hostility (if applicable) – facial expressions – gestures – attitude, etc.)
☐ the inmate's written statements – evidenced by attached notes.

---

An inmate whose Reading Grade Point Level (RGPL) or vision impairment requires special accommodation to be able to understand the written response, once delivered to him, must have the response include the applicable element chosen from the list below.
Appeals, where no interview was conducted pursuant to conditions permitted in California Code of Regulations (CCR) Section 3084, still require that the response be effectively communicated to the inmate.
   If no interview was conducted, then the specific reason must be stated citing the applicable CCR section.

☐ The appeal is to be read to the inmate by a Staff Assistant because of his   ☐ vision impairment   ☐ Low Reading Level
   and record how the inmate's understanding was assured.

☐ The appeal is printed in an enlarged font to accommodate the inmate's vision impairment.
   ☐ The chart on the back of this form was used to determine an appropriate font size.

---

**⁑ PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE ⁑**

ATTACHMENT S

OP #612

_Mike Johnson_ _[signature]_
Interviewer's name (please print) and signature

_10-11-16_
Date of Interview

Interviewing Staff,

Effective communication must be demonstrated with inmates who are in the Disability Placement Program (DPP) and designated as DPV (permanently blind or vision impaired). Place this page in front of the inmate and have him attempt to read this paragraph out loud. If he is unable to read this size font (11pt.), even with a magnifying lens, then have him scan down the page to a size he is able to read. Be sure to complete the appeal response in that size font and address this test sheet in your appeal response for effective communication.

If the inmate can see this adequately but cannot understand what the paragraph says then the appeal response must direct that a staff assistant be assigned to read the response to him and record how his understanding was assured.

Keep this sheet with the appeal.

_This quotation was a popular saying offered by retired chaplain Green._

I will get out of prison some day! – (12pt.)

I will get out of prison some day! – (14pt.)

I will get out of prison some day! – (16pt.)

I will get out of prison some day! – (18pt.)

I will get out of prison some day! – (24pt.)

# I will get out of prison some day! – (30pt.)

Note: If the inmate cannot see well enough to read any of this then the appeal response must include language that an effective communication assignment be issued to have a staff member read the response to the inmate.

OP #612                                                                                    ATTACHMENT S

## EFFECTIVE COMMUNICATION REQUIRED

Name: Farha                    CDCR # J49725        Log # HDSP- B -16 - 02925

☐ Listing of "Inmates with TABE Reading Scores 4.0 or Less" Indicates:   ☒ RGPL is above 4.0   or   ☐ RGPL is 4.0 or below
                                                                                                    4.1
☐ "Assistive Device Listing" and / or indicate(s):   ☐ The inmate is not listed with a disability.

☐ Listing of "HDSP Inmates with Verified Learning Disabilities" indicates:   ☒ The inmate is not listed with a learning disability.   or ➔

        ☒ DOCUMENTED DISABILITY(IES) NOTED AS:        DPO

        ☒ No special communication needs were noted before the interview.      ☐ A magnifying lens has previously been issued.

Special needs requiring accommodation to achieve effective communication:

The above has been verified by the appeals office
### EFFECTIVE COMMUNICATION MUST BE ASSURED AT THE BEGINNING OF EVERY INTERVIEW! THERE ARE NO EXCEPTIONS!

NOTE: Any indication before or during the interview that the inmate may need assistance of any kind to understand the interview and / or the written appeal response, must be documented on this form and addressed in the appeal response. Use the following guidelines:

The appeal response is to state the kind of communication that was used during the personal interview, *and the name of the interpreter*. This can be any one of the following: Indicate which method was actually used for the interview.

☐ Oral interview using          | ☐ Written notes - all notes must be attached to, and remain with, the appeal.
  ☐ normal conversational tones  | ☐ Signing (ASL) or ☐ foreign language interpreter  Name: _____
  ☐ simple English               | ~~Name the interpreter in the response.~~          Language: _____
  ☐ slower speech                |
                    ☐ loud speech   - There must be an indication that the inmate responded appropriately.
If the inmate   ☐ hearing aids
is DNH          ☐ lip reading -   Use only as a last resort: *ARP II.E.2.e states: An inmate's ability to lip read shall not be the sole source used by staff as a means of effective communication … unless the inmate has no other means of communication.*

The response memorandum must indicate how the interviewer was certain that the inmate was able to understand what was stated during the interview.      This may be established by:
☐ the inmate's personal interaction with the interviewer.
☐ the detail with which the inmate was able to restate the discussion in his own words.
☐ the inmate's mannerisms.
  (How he carried himself – body language – expression – hostility (if applicable) – facial expressions – gestures – attitude, etc.)
☐ the inmate's written statements – evidenced by attached notes.

An inmate whose Reading Grade Point Level (RGPL) or vision impairment requires special accommodation to be able to understand the written response, once delivered to him, must have the response include the applicable element chosen from the list below.
Appeals, where no interview was conducted pursuant to conditions permitted in California Code of Regulations (CCR) Section 3084, still require that the response be effectively communicated to the inmate.
                    If no interview was conducted, then the specific reason must be stated citing the applicable CCR section.
☐ The appeal is to be read to the inmate by a Staff Assistant because of his   ☐ vision impairment   ☐ Low Reading Level
  and record how the inmate's understanding was assured.
☐ The appeal is printed in an enlarged font to accommodate the inmate's vision impairment.
        ☐ The chart on the back of this form was used to determine an appropriate font size.

## ⇒ PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE ⇐

Revised July 2010

OP #612                                                                                      **ATTACHMENT S**

_Jeff Trailly_                                    _11-18-16_
_____              _____
Interviewer's name (please print) and signature        Date of Interview

Interviewing Staff,

Effective communication must be demonstrated with inmates who are in the Disability Placement Program (DPP) and designated as DPV (permanently blind or vision impaired). Place this page in front of the inmate and have him attempt to read this paragraph out loud. If he is unable to read this size font (11pt.), even with a magnifying lens, then have him scan down the page to a size he is able to read. Be sure to complete the appeal response in that size font and address this test sheet in your appeal response for effective communication.

If the inmate can see this adequately but cannot understand what the paragraph says then the appeal response must direct that a staff assistant be assigned to read the response to him and record how his understanding was assured.

Keep this sheet with the appeal.

_This quotation was a popular saying offered by retired chaplain Green._

I will get out of prison some day! – (12pt.)

I will get out of prison some day! – (14pt.)

I will get out of prison some day! – (16pt.)

I will get out of prison some day! – (18pt.)

I will get out of prison some day! – (24pt.)

# I will get out of prison some day! – (30pt.)

Note: If the inmate cannot see well enough to read any of this then the appeal response must include language that an effective communication assignment be issued to have a staff member read the response to the inmate.

| ⇒ **PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE** ⇐ |
| --- |

**D.** Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): As Stated in the First Level of My 602. There where a number of Emergency work orders put in by the C/o's that work in Building (H) for the Leakage of Shower + Sewage water in my Cell. From Around Nov. 30th 2015 to Aug. 20th 2016 there was Shower + Sewage water Leaking into my Cell behind my Toilet and all over my Sink and floor. That is 9 months of unsanitary Living... In that 9 months we went on Lockdown a number of times... So I was Forced to eat in my Cell with Leaking Shower + Sewage water "That is unsanitary Living Conditions." This is a clear Violation of my Eighth amendment Rights... That Prohibit then of cruel and unusual punishment. Living eating and Having to clean the Leaking Shower + Sewage water for 9 months has deprived me of the basic human needs and his exposed me of serious harm, also by Living in those unsanitary Living conditions... You have Violated the Disability act. Because I'm Disable in a wheelchair. Having to clean the Shower and Sewage water everyday has caused Harm in my back from getting in and out of my wheel Chair to clean the unsanitary conditions op. I'm asking for monetary Compensation because of the 9 months I had to Live in unsanitary Living conditions. and for the Record... m. Johnson, Plumber II, did not Repair the Leaks professionally... It still Leaks every time it Rains.

Inmate/Parolee Signature: _____    Date Submitted: 10-29-16

**F.** Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): I am very Dissatisfied with The Second Level Response Because it is full of lies. There where Numerous Emergency work orders submitted for leakage in my Cell. m. Johnson, (Plumber II) inspected the leaking and could not find out where the water was coming from. at me fine when m. Johnson inspected the leaking was the areas Dry - all you have to do is ask the floor staff about the Leaking I was told yesterday 13-8-16 to pack all my Stuff up in Bags By SBT I Fraley. Because he was coming Back to Grind the Areas where it Leaks and caulk it. That was yesterday and SBT I Fraley has not came back. also I'm Disable and in a wheelchair... This whole Situation is unbelievable. You Have Licensed Plumbers working here and They can not Fix a Leak. and when they do? It Takes over 9 months. Finally on 12-2-16 Plumber m. Johnson Fix the Leak. But if these men don't Like to do their job they should Find another Line of work. the CDC need Plumbers

Inmate/Parolee Signature: _____    Date Submitted: 12-9-16



DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| 1606296 | HDSP B-16-0925 | | 9 |
| | FOR STAFF USE ONLY | | plmb |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.

WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First): FARHA MAUWAT    CDC Number: J-49325    Unit/Cell Number: B4-142L    Assignment:

**A. Continuation of CDCR 602, Section A only (Explain your issue):** I submitted a 1824 to fix the leak that is coming from upstairs shower in c-section and the chase next to it it bake sewedge water and also leaks from the lower shower in to my cell behind the toilet and under my sink and also down the wall from up stair. the plumber M. Johnson did not fix the leak. other wise I would not be writing this 602. this need to be fixed. Now since this was not fixed on 7-27-16 several emergency work orders have bein submited with negitive Results. Please help Now.

Inmate/Parolee Signature: _____    Date Submitted: 8-8-16

RECEIVED
AUG 10 2016
HDSP APPEALS

RECEIVED
OCT 31 2016
HDSP APPEALS

REC'D 00A
DEC 16 2016

STAFF USE ONLY

8.11.16 s/c review
8.15.16 not s/c

**B. Continuation of CDCR 602, Section B only (Action requested):** the sewadge leak needs to be fixed and the floor and ceiling needs to be caulked so is the floor. this is an Emergency. and that this complaint be filed per 832.5 agains plumber M. Johnson and supervisors. and this be investigated.

Inmate/Parolee Signature: _____    Date Submitted: 8-8-16

B4 8.16.16

**D.** If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

_See attached 602-A Sect. D._

Inmate/Parolee Signature: _____   Date Submitted: _____

**E. Second Level - Staff Use Only**

Staff – Check One:  Is CDCR 602-A Attached?   ☑ Yes   ☐ No

This appeal has been:

☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)
☑ Accepted at the Second Level of Review   _____   12/3/16

Assigned to: _Burgess_   Sec (Para)   Title: _BW_   Date Assigned: 11/3/16   Date Due: 12/13/16

Second Level Responder: Complete a Second Level response, include Interviewer's name and title.

Interview Location: _____
Date of Interview: _____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: _Jeff Imaoji_   Title: _SGT_   Signature: _____   Date completed: 11-15-16
(Print Name)

Reviewer: _T R. Oss_   Title: _CEO_   Signature: _____   (Print Name)

Date received by AC: _MC 12/6/16_   AC Use Only   Date mailed/delivered to appellant 12/20/16

**F.** If you are dissatisfied with the Second Level response, explain your reason below, attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

_There is over 30 work orders submitted during the year from 11-2015 to Dec 2-2016 · First and 2nd level responses is full of lies. There is over 20 Emergency work order in early 2016 but Warden Spearman did not cover._

Inmate/Parolee Signature: _____   Date Submitted: 12-11-16

**G. Third Level - Staff Use Only**

This appeal has been:

☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter) Date: _____
☑ Accepted at the Third Level of Review. Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☒ Denied   ☐ Other: _____

See attached Third Level response.   Third Level Use Only   Date mailed/delivered to appellant MAR 01, 2017

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because: _____ State reason. (If withdrawal is conditional, list conditions.)

Inmate/Parolee Signature: _____   Date: _____

Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|

1606298   J49325

Institution/Parole Region: HDSP-B-16-02925    Category: 9   plumb

*FOR STAFF USE ONLY*

You may appeal any... (CDCR) decision, action, condition, policy or regulation that has a material adverse effect... prescribed method of departmental review/remedy available.  See California Code of Regulations, ... Section 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal.  If additional space is needed, *only* one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.

WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): FARHA MAUWAI | CDC Number: J-49325 | Unit/Cell Number: B4-142 | Assignment: N-A |
|---|---|---|---|

**State briefly the subject of your appeal** (Example: damaged TV, job removal, etc.):
Leak under sink and toilet and ceiling.

**A.** **Explain your issue** (If you need more space, use Section A of the CDCR 602-A):
thrive has been numeris Emergency Work orders for the leak in this cell from Nov-2015 to Aug-8-2016

**B.** **Action requested** (If you need more space, use Section B of the CDCR 602-A):
that theese free staff be investigated and that I be compensated for the work and headach that I sufferd cleaning this filthy sewrage leaks

**Supporting Documents: Refer to CCR 3084.3.**
☒ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
CDCR 1824 also c/os in 4 build have all the work orders

☐ No, I have not attached any supporting documents. Reason:

Inmate/Parolee Signature: _____  Date Submitted: 9-11-16    8/15/16  NOT Sic

☐ By placing my initials in this box, I waive my right to receive an interview.

RECEIVED SEP 14 2016 HDSP APPEALS
RECEIVED OCT 31 2016 HDSP APPEALS
REC'D BY OOA DEC 16 2016

**C. First Level – Staff Use Only**
This appeal has been:    Staff – Check One: Is CDCR 602-A Attached?  ☒ Yes  ☐ No
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: ___  Date: ___  Date: ___  Date: ___
☐ Cancelled (See attached letter)  Date: ___
☒ Accepted at the First Level of Review.
Assigned to: Business Sr (Plmt)   Title: AW   Date Assigned: 9/18/16   Date Due: 10/26/16

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: 10/1/16   Interview Location: B4-142
Your appeal issue is: ☒ Granted  ☒ Granted in Part  ☐ Denied  ☐ Other: ___
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: Mike Johns (Print Name)   Title: PLT   Signature: ___   Date completed: 10/11/16
Reviewer: J. Shelton (Print Name)   Title: AW (A)   Signature: ___
Date received by AC: mc 10/25/16

AC Use Only
Date mailed/delivered to appellant: hc 10/26/16

Version 4.4.1

**Release Notes**

| Summary | Bed Inventory | ADA/EC History |

Generate Reports / Get Help / Report a Problem / Log Ou

CDC # : J49325   [Search]        CDC Number: J49325, FARHA, MAUWAI

## Summary

### Offender/Placement

| | |
|---|---|
| CDC #: | **J49325** |
| Name: | **FARHA, MAUWAI** |
| Institution: | **High Desert State Prison** |
| Bed Code: | **B 004 1142001LW** |
| Placement Score: | **160** |
| Custody Level: | **Medium A** |
| Housing Pgm: | **SNY - Sens Needs Yd** |
| Housing Restrictions: | **Ground Floor-No Stairs, Lower/Bottom Bunk Only** |
| Physical Limitations to Job/Other: | **Transport Vehicle with Lift, Limited Wheelchair User, PERMANENT 12-31-9999 Months** |

### Disability/Assistance

| | |
|---|---|
| DDP Code: | **NDD** |
| Effective Date: | **10/23/2003** |
| DPP Codes: | **DPO** [History] |
| 1845 Date: | **04/12/2016** |
| MHSDS Code: | **CCCMS** |
| SLI: | |
| Primary Method: | |
| Alternate Method: | |
| Learning Disability: | |
| TABE Score: | **9.1** |
| TABE Date: | **06/22/1998** |
| Durable Medical Equipment: | **C-PAP Machine,** [Info] **Mobility Vest, Extra Mattress, Other, Walker, Wheelchair** |
| Last Accomm: | **Read/Speak Slowly/Use Simple Language, Staff Assistance** |
| Spoken Languages: | |

### Important Dates

| | |
|---|---|
| Pending Revocation: | **No** |
| Revocation Date: | |
| Date Received in CDCR: | **02/06/1995** |
| Last Return Date: | |
| Extended Stay Date: | **05/07/1995** |
| Extended Stay Privileges? | |
| Release Date: | **09/17/2007** |
| 120 Day Date: | **05/20/2007** |
| Next IDST Date: | |

### Work/Vocation/PIA

1

| | |
|---|---|
| Group Priv: | |
| Group Work: | |
| Start Date: | |
| Status: | |
| Job Position: | |
| Job Title: | |
| IWTIP Code: | |
| IWTIP Description: | |
| Regular Day Off: | |
| Work Hours: | |

### Accommodation History

| 07/24/2013 | Notice of Classification Hearing | Read/Speak Slowly/Use Simple Language, Staff Assistance |
|---|---|---|
| 06/14/2011 | Classification Hearing | Read/Speak Slowly/Use Simple Language |
| 06/13/2011 | Notice of Classification Hearing | Read/Speak Slowly/Use Simple Language |
| 04/26/2011 | Suitability | No Accommodation |
| 12/12/2008 | Suitability | No Accommodation |

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

Tuesday, August 16, 2016

FARHA, J49325
B 004 1142001LW

LIVING CONDITIONS, , 08/10/2016
Log Number: HDSP-B-16-02925
(Note: <u>Log numbers are assigned to all appeals for tracking purposes. Your appeal is
subject to cancellation for failure to correct noted deficiencies.</u>)

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been rejected pursuant to the California Code of Regulations, Title 15,
Section (CCR) 3084.6(b)(14).  You have not submitted your appeal on the departmentally
approved appeal forms.*

*Farha your appeal was reviewed by the Hiring authority as a staff complaint. It was
determined that your allegations do not meet the criteria to be processed as a staff complaint.
Please attach a CDCR 602 to your CDCR 602A and resubmit for further review for processing
as a living condition appeal.*

A. Lane
R. Dreith III, CCII
C. Cross, CCI
L. Bolls, AGPA
D. Clark, CCII
Appeals Coordinator
HDSP

**NOTE:** If you are required to respond/explain to this CDCR Form 695, use <u>only</u> the lines provided below.

_____

_____

_____

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and
resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b).  Pursuant to
CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.  However, a
separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if
the appeal on the cancellation is granted.
NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED

S...
appr...

Inmate
determ
Please
as a l

## INMATE APPEAL ROUTE SLIP

To: AW BUSINESS SVC  *(Dlour crps)*          Date: September 18, 2016

From:  INMATE APPEALS OFFICE

Re: Appeal Log Number  HDSP-B-16-02925  By Inmate  FARHA, J49325

Please assign this appeal to appropriate staff for FIRST level response.

Appeal Issue:  LIVING CONDITIONS
Due Date: 10/26/2016   *10/12*
Special Needs:  DPO - OTHER IMPACTING PLACEMNT

STAFF INSTRUCTIONS: Per California Code of Regulations (CCR), Title 15, Section 3084.7(e)(2), first level appeal review requires a personal interview with the inmate unless the appeal is granted.  This policy is not within the institution's jurisdiction and cannot be waived.  CCR, Title 15, Section 3084.7(e)(4) provides that a telephonic interview may be conducted if the inmate is not available in person.

Begin  response  with  GRANTED,  DENIED,  PARTIALLY  GRANTED  or WITHDRAWN.  When complete, return appeal to the Appeals Office.  All first level appeals require signature of the Division Head.  Appeals that are incomplete will be returned for appropriate completion.

Refer to D.O.M. 54100 for instructions.

*-staff complaint verbiage.*

- ☐  A. Lane, CCII
- ☐  R. Dreith III, CCII
- ☐  S. Nicholas, CCII
- ☐  M. Chappuis, CCII (A)
- ☐  L. Bolls, AGPA
- ☐  D. Clark, CCII

Appeals Coordinator
HDSP

## INMATE APPEAL ROUTE SLIP

To: AW BUSINESS SVC   (Plant)                    Date: November 3, 2016

From: INMATE APPEALS OFFICE

Re: Appeal Log Number  HDSP-B-16-02925  By Inmate  FARHA, J49325

Please assign this appeal to appropriate staff for SECOND level response.

Appeal Issue:  LIVING CONDITIONS
Due Date: 12/15/2016   12/5 9.1
Special Needs:  DPO - OTHER IMPACTING PLACEMNT

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete will be returned to the responding staff for appropriate completion. Refer to D.O.M. 54100 for instructions.

☐   A. Lane, CCII
☐   R. Dreith III, CCII
☐   C. Cross
☐   M. Chappuis, CCII
☐   S. Boxall, CCI
☐   L. Bolls, AGPA
☐   D. Clark, CCII
Appeals Coordinator
HDSP

# EXHIBIT ____B____

SVSP - Salinas Valley State Prison

Patient:        **FARHA, MAUWAI**
DOB/Age/Sex:    3/23/1964  / 54 years    / Male        CDCR: J49325

| **Progress Notes** |
|---|

Document Type:                          Outpatient Progress Note
Document Subject:                        -f/u rheumatoloy,dental,right foot pain,ascending aorta size
Service Date/Time:                       4/16/2018 12:05 PDT
Result Status:                           Auth (Verified)
Perform Information:                     Pajong,Sam P&S (4/16/2018 14:17 PDT)
Sign Information:                        Pajong,Sam P&S (4/16/2018 14:17 PDT)
Authentication Information:              Pajong,Sam P&S (4/16/2018 14:17 PDT)

**Chief Complaint**
F/U RHEUMATOLOGY APPT 4/12/16; F/U 3/16

**History of Present Illness**
53 years old male came to the clinic for follow-up of his visit to the telemedicine
rheumatologist on 4/5/18.  Patient was found to doing well with his seronegative
spondyloarthropathy while he is on Humira with less frequent complaining of back pain and
joint pain.  Patient currently walking with a walker and he appeared to be more mobile in
his stature.  Patient will have his CBC done every 3 weeks and he'll be follow-up with the
rheumatologist in August 2018.  Patient also stated that he has seen the oral surgeon on
March 27, 2018 and for his maximum edentulous but also have jaw translation issue.
Patient then follow-up with dental services on 4/3/18 and again there was issue about
his mastication due to unequal jaw.  Patient is then request for liquid nutritional
supplement to relieve some of these jaw symptom.  Patient will be proposed for liquid
nutritional supplement and continue to follow-up with dental services.  Today patient have
more complaining of his right foot and the right knee.  The right knee previously
have arthroplasty in early 2017.  There was a vertical linear scar anterior to the knee but
no effusion or induration.  The right foot however with history of forefoot fracture and no
longer have any ecchymosis his ankle range of motion has improved however patient still
cannot perform completely the tiptoeing range of motion.  He had no loss of sensory
however still complaining of the pain along the medial aspect of the medial malleoli.
Previous RFS submitted for further study of the right foot was denied due to
improper submission.  Discussed with the patient that the new RFS will be placed, patient
agreed with the plan.  Currently patient doing well however with his four-wheel walker but
he want to be more active than currently he can.  Patient now also complaining of the
frequency of intermittent self-catheterization due to his neurogenic bladder however patient
also stated that with heavy lifting and occasional sneezing he fell more urine leaking out.
Currently no complaining of any feature of lower urinary tract symptom or UTI.  Today,
patient has mentioned about the need for follow-up of his chest pathology which she
thought it could be from the pulmonary lesion.  However looking back on the electronic unit
health record no such medical condition and were brought up.  The only lesion
that shoulder on the electronic unit have record was from 12/14/2016 that mentioned
patient had history of a descending aorta size 4.6 cm by echocardiogram but the
subsequent CT and angiogram showed no dilatation of the aorta.  But at that evaluation the
cardiologist felt that patient's to have some degree of dilatation.  2 these issue, patient will
be submitted for a repeat study of the ultrasound of the aorta.  We have discussed at length
regarding risk of aneurysmal aortic rupture if the size has gone over 5 cm.  Currently
patient have no complaining of chest pain, palpitation, dyspnea, cough, hemoptysis, fever,
chill, night sweats, lancinating back pain, abdominal pain, nausea, vomiting, GI bleed.
Patient last colonoscopy was on 10/27/2017 which revealed a normal colon

**Problem List/Past Medical History**
Ongoing
    BPH associated with nocturia
    Cellulitis
    Chronic LBP
    Chronic pain
    Cluster B personality disorder
    CN (constipation)
    Depressive disorder due to another
    medical condition with depressive
    features
    Dyspepsia
    Foot pain
    History of COPD
    HTN (hypertension)
    Major depressive disorder, recurrent
    episode, severe with anxious distress
    Mood disorder due to a general medical
    condition
    Neurogenic bladder
    Neuropathic pain
    Obesity
    Personality disorder
    Polysubstance dependence
    Preventive medication therapy needed
    S/P TURP (transurethral resection of
    prostate)
    Tinea corporis
    Unintended weight loss
    Urine retention
Historical
    No qualifying data

**Procedure/Surgical History**
arthroplasty right knee (02/24/2016),
transurethral prostate resection (09/05/2015),
transurethral prostate resection (09/06/2014).

---

Report Request ID:     9225700                          Print Date/Time:  6/20/2018 11:30 PDT

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

**SVSP - Salinas Valley State Prison**

Patient:        **FARHA, MAUWAI**
DOB/Age/Sex:    3/23/1964  / 54 years    / Male          CDCR: J49325

| *Progress Notes* |
| --- |

spite of the intermittent self-catheterization and the tamsulosin as well as decreased weight gain patient still have bothersome feature of his urinary complaint, patient will be submitted for the radiology assistant to improve his urinary incontinence which may decrease his stress in his life.  And may deviated all of his other muscle skeletal complain as well.

Preventive measure
  Patient with history of pneumonia on 3/15/2017 at high Desert Hospital and he will have updated no mania vaccination.  Patient already have influenza vaccination.
Ordered:
pneumococcal 23-polyvalent vaccine, 0.5 mL, IM, Soln, Daily, Administration Type NA, Order Duration: 1 day, First Dose: 04/25/18 12:00:00 PDT, Stop Date: 04/26/18 11:59:00 PDT

Orders:
CBC with Diff
Follow Up LVN 30
LNS
Request Referral to Urology
Urologic Supplemental Supplies

Started age 18 Years. Stopped age 34 Years. Previous treatment: None. 0 Average drinks per episode in last year:. 0 Maximum drinks per episode in last year:. Alcohol use interferes with work or home: No. Drinks more than intended: No. Others hurt by drinking: No. Ready to change: No. Concerns of alcohol use at home: No.

Employment/School
  Previous employment/school: Maintence Work. Highest education level: Some High School. Behavioral Problems in School No. Work History Always. Income Source SSI. Operates hazardous equipment: No. Unemployed, Activity level: Disabled.

Exercise
  Exercise duration: 60. Exercise frequency: 3-4 times/week. Exercise type: Walking.

Substance Abuse
  Former, Marijuana, N/A, Withdrawal Symptoms Present No. Previous treatment: None. Started age 15 Years. Stopped age 30 Years. IV drug use: No. Drug use interferes with work/home: No. Ready to change: No. Concerns of substance abuse at home: No.

Tobacco
  Former, Cigarettes, Use Type: Packs. 1 per day. 20 year(s). Total pack years: 20. Previous treatment: None. Ready to change: No. Concerns about tobacco use in household: No.

**Family History**
  Arthritis: Mother.
  Diabetes mellitus: Father.

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

SVSP - Salinas Valley State Prison

Patient:         **FARHA, MAUWAI**
DOB/Age/Sex:   3/23/1964  / 54 years      / Male        CDCR: J49325

---

### Progress Notes

**Physical Exam**

Vitals & Measurements
**T:** 36 °C (Oral)  **HR:** 58 (Peripheral)  **RR:** 18  **BP:** 132/79  **SpO2:** 100%
**WT:** 153.76 kg  **WT:** 153.76 kg (Wt dosing)
Gen.: Well-developed well-nourished obese individual who walked into the clinic using his four-wheel walker as a support and he hasn't demonstrated no acute clinical illness.
Skin: Warm to touch, done diaphoretic, no petechiae or ecchymosis.
Heart: Regular rate and rhythm without murmur.
Lungs: Clear to auscultation bilaterally, good inspiratory and expiratory effort, no costovertebral angle tenderness.
Abdomen: Soft, not tender, no rigidity or rebound tenderness, bowel sound present.
Extremity: Right knee show no evidence of any effusion, induration, erythema.  And also surgical scar was placed vertically along the anterior knee.  Mild tenderness on the medial joint dye only.  No crepitation or pop sound.  Anterior and posterior translation of the cruciate ligament found no evidence of any laxity.  The collateral ligament appear to be intact.  Internal rotation of the meniscus also found to be not tender.  Right foot: Patient has tactile pain on the site around the medial malleolus.  Ankle range of motion was in place.  Patient stated that with tiptoe walking on the right foot is still painful in the forefoot area.  Patient does have pes planus.

**Assessment/Plan**
Fracture of right foot
   Patient continued to demonstrate with the pain although have been improved with a walker.  Patient can place full weightbearing however tiptoeing still caused forefoot complaint as well as the pain to the right medial malleolus.  Previous x-ray show a Lisfranc fracture.  Patient will be submitted for details study with CT scan.
Ordered:
Request Referral for CT FOOT RIGHT W/O CTRST

Health examination of prisoner
   Maximum edentulous with abnormal jaw motion: Patient has a denuded additional needed for liquid nutritional supplement because of these jaw translation issue.  Patient will be submitted for LNS 3 cans a day for thirty-day.

History of abnormal ultrasound study of the ascending aorta which show 4.6 cm in 2016 however subsequence CTA show a normal caliber.  She could not locate the CTA on electronic medical record.  Currently patient have no cardiovascular symptoms reported.  He will be re-submitted for ultrasound study of the region.  Encourage patient to report to staff immediately if any change in his condition to avoid any risk of an arrhythmic rupture.

Right knee arthroplasty in early 2017: Currently on a walker as a ambulation assistive device, patient is encouraged to report staff if any difficulty occur then RFS for reevaluation by orthopedic will be recommended.

Seronegative spondylopathy arthritis: Patient have sick been doing well with Humira medication which controlled his pain and allow him to increase his mobility better.  Patient will be follow-up as recommended in 4 month and will be follow-up at an interval CBC.  Current pain medication is adequate for patient need as well as to maintain his maximum activity of daily living.

History of neurogenic bladder with additional feature of stress incontinence currently: In

**Medications**
Inpatient
   acetaminophen, 650 mg, 2 tab, Oral, BID-KOP, PRN
   atorvastatin, 20 mg, 1 tab, Oral, qPM-KOP
   CARVEDILOL 12.5 MG TABLET, 12.5 mg, 1 tab, Oral, BID-KOP
   diphenhydrAMINE, 200 mg, 4 cap, Oral, Once a day at bedtime, PRN
   Hibiclens 4% topical soap, 1 app, Topical, qWeek-KOP
   Humira, 40 mg, 0.8 mL, Subcutaneous, qWeek
   lactulose, 20 gm, 30 mL, Oral, BID-KOP, PRN
   LISINOPRIL 5 MG TABLET, 5 mg, 1 tab, Oral, Daily-KOP
   metFORMIN, 500 mg, 1 tab, Oral, BID-KOP
   methadone, 10 mg, 1 tab, Oral, BIDAM+PM
   methadone, 5 mg, 1 tab, Oral, BIDAM+PM
   omeprazole 20 mg oral delayed release capsule, 20 mg, 1 cap, Oral, qPM-KOP, PRN
   oxybutynin, 5 mg, 1 tab, Oral, QID-KOP
   pneumococcal 23-polyvalent vaccine injectable solution, 0.5 mL, IM, Daily
   polycarbophil, 1250 mg, 2 tab, Oral, Daily-KOP
   sertraline, 200 mg, 2 tab, Oral, Daily@12
   Spiriva 18 mcg inhalation capsule, 18 mcg, 1 cap, Inhale, Daily
   tamsulosin, 0.8 mg, 2 cap, Oral, BID-KOP
   traZODone, 100 mg, 1 tab, Oral, Once a day at bedtime, PRN
   triamcinolone 55 mcg/inh nasal spray, 110 mcg, 2 spray, Each-nostril, Daily-KOP
   Xopenex HFA 45 mcg/inh inhalation aerosol, 90 mcg, 2 puff, Oral, QID-KOP, PRN
Home
   No active home medications

**Allergies**
lamoTRIgine

**Social History**
Alcohol
   Former, Beer, 3-4 times per week, Withdrawal Symptoms Present No.

---

**WARNING:** This report contains confidential, proprietary, and/or legally privileged information intended for the recipient only.