UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUWAI FARHA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. FOSS, et al.,<br><br>　　　　　Defendants. | No.  2:20-cv-2206 KJM KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding without counsel, in an action brought under 42 U.S.C. § 1983.  Plaintiff was granted leave to proceed in forma pauperis.  (ECF No. 8.) Plaintiff's amended complaint is before the court.

　　　　Plaintiff alleges that from November 2015, to August 18, 2016, while housed at High Desert State Prison, he was subjected to unsanitary living conditions by a sewer leak that ran to plaintiff's cell by the toilet panel, stunk, and required that plaintiff, who at the time was confined to a wheelchair, constantly clean it up.  Plaintiff asserts that his medical conditions were exacerbated by such constant cleaning; he had just undergone knee replacement surgery, and his pain level increased to excruciating, and his healing process was impaired.  (ECF No. 13 at 9, 10, 13.)  Plaintiff alleges violations of his Eighth and Fourteenth Amendments, as well as Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq., and Section 504 of the Rehabilitation Act ("RA"), as amended and codified in 29 U.S.C. § 701 et seq.

1  The court has reviewed plaintiff's amended complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable Eighth Amendment claims against defendants Johnson and Faisley. See 28 U.S.C. § 1915A.

For the reasons stated below, the court finds that the amended complaint does not state a cognizable claim against defendant Foss, and plaintiff also fails to state cognizable claims under the ADA/RA or Fourteenth Amendment Equal Protection Clause against the named defendants.

Defendant Foss

In his amended complaint, plaintiff named J. Foss, Chief Deputy Warden, as a defendant in the caption. (ECF No. 13 at 1, 7.) However, plaintiff included no charging allegations as to defendant Foss in the amended complaint. Plaintiff did append a copy of a second level response (grievance HDSP-B-16-02925 concerning the leak), which was signed by Foss. (ECF No. 13 at 22.) But plaintiff is required to include specific factual allegations as to each named defendant within the amended complaint. Moreover, plaintiff alleges he suffered the leak from November 2015, to August 18, 2016, but the response by Foss is dated December 1, 2016, months after the deprivation resolved. Because Foss heard the appeal after resolution of the deprivation, Foss could take no steps to fix the leak at that time. Thus, it is unclear whether plaintiff can state a plausible Eighth Amendment claim as to defendant Foss.

ADA/RA Claim

The ADA and RA prohibit discrimination on the basis of a disability in the programs, services or activities of a public entity. Federal regulations require a public entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program or activity." 28 C.F.R. § 35.130(b)(7).

The elements of a cause of action under Title II of the ADA are: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or

2

1   activities, or was otherwise discriminated against by the public entity; and (4) such exclusion,
2   denial of benefits, or discrimination was by reason of the plaintiff's disability. Thompson v.
3   Davis, 295 F.3d 890, 895 (9th Cir. 2002). A cause of action under section 504 of the RA
4   essentially parallels an ADA cause of action. See Olmstead v. Zimring, 527 U.S. 581, 590
5   (1999); Duvall v. Cty of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001).
6         Here, plaintiff has again failed to name a proper defendant for an ADA/RA claim, and
7   plaintiff fails to allege facts demonstrating that the alleged failure to repair the leak in his cell was
8   due to his disability. Plaintiff vaguely refers to "discriminatory animus," but fails to include any
9   facts demonstrating discrimination on the basis of his disability. Thus, plaintiff's claims under
10  the ADA/RA are again dismissed with leave to amend.
11        Fourteenth Amendment Claim
12        Although plaintiff cites the Fourteenth Amendment, it is unclear what kind of violation he
13  is attempting to allege. However, in light of his ADA claim, the court infers that plaintiff is
14  attempting to make an equal protection claim. The Fourteenth Amendment's Equal Protection
15  Clause requires the State to treat all similarly situated people equally. City of Cleburne v.
16  Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citation omitted). "To state a claim for violation
17  of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or
18  purpose to discriminate against him based upon his membership in a protected class." Serrano v.
19  Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194
20  (9th Cir. 1998)). Alternatively, a plaintiff may state an equal protection claim if he shows
21  similarly situated individuals were intentionally treated differently without a rational relationship
22  to a legitimate government purpose. Vill of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)
23  (citations omitted).
24        "'[T]he disabled do not constitute a suspect class' for equal protection purposes." Lee v.
25  City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001) (quoting Does 1-5 v. Chandler, 83 F.3d
26  1150, 1155 (9th Cir. 1996)). In addition, "neither prisoners nor 'persons convicted of crimes'
27  constitute a suspect class for equal protection purposes." United States v. Whitlock, 639 F.3d
28  935, 941 (9th Cir. 2011); Glauner v. Miller, 184 F.3d 1053, 1054 (9th Cir. 1999) ("[P]risoners are

1  not a suspect class . . . ."); McQueary v. Blodgett, 924 F.2d 829, 834-35 (9th Cir. 1991) ("Inmates
2  are not entitled to identical treatment as other inmates merely because they are all inmates.").

3        Here, plaintiff fails to identify any other similarly-situated prisoners, and includes no
4  allegations demonstrating that he was similarly situated to other prisoners who received
5  preferential treatment.  Moreover, plaintiff does not allege facts demonstrating he was treated
6  differently because of his disability.  But in any event, plaintiff cannot state a cognizable equal
7  protection claim based on his disabled status or as a prisoner, because neither are suspect classes
8  under the Fourteenth Amendment.  Therefore, plaintiff's Fourteenth Amendment equal protection
9  claims are dismissed without leave to amend.  In an abundance of caution, plaintiff is granted
10  leave to file a different Fourteenth Amendment claim if plaintiff was not attempting to bring an
11  equal protection claim.

12  Plaintiff's Options

13        Plaintiff may proceed forthwith to serve defendants Johnson and Faisley and pursue his
14  Eighth Amendment claims against only those defendants, or he may delay serving any defendant
15  and attempt again to state cognizable claims against defendant Foss, or under the ADA/RA or the
16  Fourteenth Amendment.

17        If plaintiff elects to attempt to amend his complaint a second time, he has thirty days in
18  which to do so.  He is not obligated to amend his complaint.

19        If plaintiff elects to proceed forthwith against defendants Johnson and Faisley, against
20  whom he has stated a potentially cognizable Eighth Amendment claim for relief, then within
21  thirty days he must so notify the court by returning the appended notice.  In this event the court
22  will construe plaintiff's election as consent to dismissal of all claims against defendant Foss, as
23  well as dismissal of plaintiff's ADA/RA and Fourteenth Amendment claims without prejudice.

24        Any second amended complaint must show the federal court has jurisdiction, the action is
25  brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It
26  must contain a request for particular relief.  Plaintiff must identify as a defendant only persons
27  who personally participated in a substantial way in depriving plaintiff of a federal constitutional
28  right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the

4

deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In any second amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While

detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id.

Any second amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original and all prior pleadings are superseded.

Plaintiff's Request for Status

Recently, plaintiff filed a motion seeking the status of his case.  Plaintiff is advised that so long as he keeps the court informed of plaintiff's current address, he will receive any court order.

Accordingly, IT IS HEREBY ORDERED that:

1. Claims against defendant Foss, and plaintiff's ADA/RA and Fourteenth Amendment claims are dismissed with leave to amend.  Within thirty days of service of this order, plaintiff may file a second amended complaint to attempt to state cognizable claims, as discussed above.  Plaintiff is not obliged to file a second amended complaint.

2. The allegations in the pleading are sufficient at least to state potentially cognizable claims against defendants Johnson and Faisley.  See 28 U.S.C. § 1915A.  Within thirty days of service of this order plaintiff may return the attached Notice, and select such option.  If plaintiff chooses to proceed solely as to defendants Johnson and Faisley, the court will order service of

1  process. Defendants Johnson and Faisley will be required to respond to plaintiff's allegations
2  within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will construe
3  plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims
4  against defendant Foss, as well as plaintiff's claims under the ADA/RA and Fourteenth
5  Amendment without prejudice.

6    3. Failure to comply with this order will result in a recommendation that this action be
7  dismissed.

8    4. Plaintiff's motion (ECF No. 21) is granted.

9  Dated: January 28, 2021

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/farh2206.14o

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUWAI FARHA,<br><br>            Plaintiff,<br><br>   v.<br><br>T. FOSS, et al.,<br><br>            Defendants. | No. 2:20-cv-2206 KJM KJN P<br><br>NOTICE OF ELECTION |

In response to the court's order screening plaintiff's amended complaint, plaintiff makes the following election:

_____ Plaintiff wishes to proceed solely on his Eighth Amendment claims against defendants Johnson and Faisley.

and

_____ Plaintiff consents to the dismissal of his Eighth Amendment claims against defendant Foss, and plaintiff's ADA/RA and Fourteenth Amendment claims against all defendants; such claims will be dismissed without prejudice.

**OR**

_____ Plaintiff opts to file a second amended complaint and delay service of process.

DATED:

_____
Plaintiff