UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUWAI FARHA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FOSS, et al.,<br><br>　　　　　Defendants. | No.  2:20-cv-2206 KJM KJN P<br><br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis.  Defendants' motion to partially dismiss plaintiff's amended complaint is before the court.  As discussed below, defendants' motion is granted, but plaintiff is granted leave to file a second amended complaint.

Plaintiff's Amended Complaint

　　　　Plaintiff alleges that from November 2015, to August 18, 2016, while housed at High Desert State Prison ("HDSP"), he was subjected to unsanitary living conditions by "leakage from upstairs shower in C-Section and the chase next to it with sewage water and hazardous waste" that ran to plaintiff's cell by the toilet panel, stunk, and required that plaintiff, who at the time was confined to a wheelchair, constantly clean it up.  (ECF No. 13 at 8.)  Plaintiff asserts that his medical conditions were exacerbated by such constant cleaning; he had just undergone knee replacement surgery, and his pain level increased to excruciating, and his healing process was

1

impaired. (ECF No. 13 at 9, 10, 13.) Plaintiff alleges such conditions violated his Eighth Amendment rights. Plaintiff named M. Johnson, Plumber 1, and Sgt. J. Frailey, Supervisor of Building Trades ("SBT"), as defendants, stating they were employed as maintenance at HDSP. (ECF No. 13 at 2, 8.)

Motion to Dismiss

### I. Legal Standards Governing Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotes and citation omitted), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). Otherwise, the motion is treated as one for summary judgment. Id. There are exceptions for material which is properly submitted as part of the complaint and "matters of public record" which may be judicially noticed. Id. at 688-89. "If the documents are not physically attached to the complaint, they may be considered if the documents'

'authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them." Id. at 688 (quoting Parrino v. FHD, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Defendant Frailey

### A. The Parties' Positions

Defendants argue that plaintiff fails to state a claim against defendant Frailey because there are no factual allegations demonstrating defendant Frailey had personal knowledge of an excessive risk to plaintiff's health safety. Rather, plaintiff's facts concerning Frailey took place after plaintiff filed his grievance about the leak. In addition, plaintiff only provides conclusory statements concerning Frailey. Plaintiff's claim that defendant Frailey failed to visually inspect plaintiff's cell demonstrates Frailey did not know about an excessive risk to plaintiff's health and safety. To the extent plaintiff attempts to hold Frailey responsible based on his failure to properly supervise defendant Johnson, such failure demonstrates negligence, which does not rise to the level of deliberate indifference.[1]

---

[1] Defendants also discuss plaintiff's allegation that defendant Frailey falsified documents. However, the court did not find such claim to be cognizable. (ECF No. 27.) Rather, only plaintiff's Eighth Amendment claims were found cognizable, and plaintiff consented to this action proceeding solely as to his Eighth Amendment claims. (ECF No. 25.) Thus, the court does not address Frailey's qualified immunity argument in connection with such alleged falsification. In any event, it is well settled that making false statements, in and of itself, does not violate the United States Constitution. In Hernandez v. Johnston, 833 F.2d 1316 (9th Cir. 1987), the Ninth Circuit held that inaccurate information in a prison record did not violate the prisoner's due process rights. Id. at 1318 ("Magistrate Burgess did not discuss Hernandez' separable claim of a due process right to accurate information in his prison record. We address the issue, and hold that Hernandez was not deprived of liberty by the presence of the challenged statements.").

In opposition, plaintiff argues that the court must liberally construe and take plaintiff's allegations as true, and concedes the court may consider exhibits appended to his pleading. (ECF No. 41 at 3-4.) Plaintiff claims he wrote and or notified defendants of the ongoing sewage leakage and its resulting dangers. He contends that both defendants were aware of a serious risk of substantial harm to plaintiff. (ECF No. 41 at 6.) Plaintiff argues defendants acted with a culpable state of mind by disregarding such risks and refusing to take reasonable measures to abate the risks.[2] Plaintiff states that, if necessary, he can amend his pleading.

Defendants did not file a reply.

### B. Governing Standards

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). But conditions of confinement may be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S.

---

[2] Plaintiff includes arguments concerning the exhaustion of administrative remedies. (ECF No. 41 at 9-11.) However, defendants do not argue that plaintiff failed to exhaust administrative remedies.

4

at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious. . . ." Farmer, 511 U.S. at 834.  "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation.  Johnson v. Lewis, 217 F.3d 726, 731, 732 (9th Cir. 2000) ("[m]ore modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing").  Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992).  The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim.  Johnson v. Lewis, 217 F.3d at 731.  Second, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety. . . ." Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

Although the Court generally may not consider materials beyond the pleading in ruling on a Rule 12(b)(6) motion to dismiss, there are limited exceptions.  For example, a court may consider materials attached to the complaint.  See Lee, 250 F.3d at 688-89; Hal Roach Studies, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1155 n.19 (9th Cir. 1989) (copy of assignment attached to appellant's counterclaim as an exhibit properly considered by the court in ruling on a Rule 12(b)(6) motion).

C. Discussion

While plaintiff is correct that he need only plead facts demonstrating a plausible cause of action as to defendant Frailey, plaintiff must provide sufficient facts to demonstrate that

5

defendant Frailey was deliberately indifferent to a substantial risk to plaintiff. As discussed above, this requires plaintiff to show that defendant Frailey knew plaintiff faced a substantial risk of harm and disregarded such risk by failing to take reasonable measures to abate it.

Plaintiff alleges that the second level review by Frailey stated that "the first work order was submitted July 28, 2016," then stated that from November 2015 to December 2016 two additional work orders were created by defendant Johnson. (ECF No. 13 at 9, ¶ 18.) Frailey added that on February 1, 2016, defendant Johnson repaired plaintiff's sink drain and checked the toilet. (Id. at ¶ 19.) On April 7, 2016, defendant Johnson checked for water leaks behind the panel in plaintiff's cell. Such repairs were verified by Johnson on October 11, 2016, and November 18, 2016. (Id.) Plaintiff contends that Frailey's statements were lies because the leak was never repaired, and contends defendants Johnson and Frailey falsified documents to make it appear the leak was repaired. (ECF No. 13 at 10.) In his claim for relief, plaintiff alleges that defendant Frailey falsified documents and failed to visually inspect the area with the leak, constituting deliberate indifference. (ECF No. 13 at 11.)

As argued by defendants, the grievances appended to plaintiff's pleading show that defendant Frailey became involved on November 18, 2016, after plaintiff filed grievance HDSP-B-16-02925, when Frailey interviewed plaintiff in connection with his request for second level review. The second level response cited by plaintiff is dated December 1, 2016, and was issued by Chief Deputy Warden T. Foss, not Frailey. (ECF No. 13 at 23.) Foss wrote that during the interview Frailey and Johnson inspected the repairs, inspected the cell for water leaks and found the areas to be dry, and inspected the plumbing chase for leaks and ran the showers to see if leaking still occurred. (ECF No. 13 at 22.)

Plaintiff appears to contend that despite statements attributed to Frailey in the second level appeal response, the leak in plaintiff's cell had not been repaired at that time. But plaintiff's allegations as to defendant Frailey are not specific. He claims that Frailey failed to visually inspect plaintiff's cell. Yet while plaintiff objected that the repair had not been made as of October 29, 2016, he does not specifically address the statements that Johnson and Frailey inspected the repairs and plaintiff's cell in connection with the interview. Rather, he states

6

generally that Frailey failed to visually inspect plaintiff's cell. It is unclear whether plaintiff alleges that Frailey never inspected plaintiff's cell, or whether plaintiff claims that Frailey did not inspect plaintiff's cell in connection with the November 18, 2016 interview.

Moreover, throughout plaintiff's pleading, he claims he was subjected to the unsanitary conditions for nine months, which suggests the conditions abated on August 18, 2016, because he alleges they began in November of 2015. Thus, although a liberal construction of plaintiff's pleading suggests the leak continued beyond August 18, 2016, plaintiff's allegations concerning the nine-month period appear to conflict with such construction. The circumstances, nature, and duration of the deprivations are critical in evaluating plaintiff's Eighth Amendment claims, and determining whether defendant Frailey's involvement violated plaintiff's rights.

Plaintiff's opposition does not provide specific facts as to defendant Frailey's involvement during the period November 2015, to August 18, 2016, if, in fact, Frailey was involved at that time. Rather, plaintiff merely claims that he wrote and or notified defendants of the ongoing sewage leakage and its resulting dangers, and that both defendants were aware of a serious risk of substantial harm to plaintiff. Such vague and conclusory statements are insufficient to demonstrate Frailey was aware of the leaks in plaintiff's cell or failed to inspect plaintiff's cell at some point during November 2015 to August 18, 2016, when plaintiff claims he was subjected to the unsanitary living conditions. Plaintiff must set forth specific factual allegations as to defendant Frailey's actions or omissions.

Plaintiff's allegation that defendant Frailey failed to inspect plaintiff's cell, standing alone, is insufficient to demonstrate that Frailey was both aware that a substantial risk of serious harm existed yet disregarded such risk during the period plaintiff was subjected to unsanitary living conditions. As argued by defendants, a mere failure to act constitutes negligence, and does not rise to the level of deliberate indifference.

Similarly, to the extent plaintiff seeks to hold defendant Frailey responsible based solely on Frailey's role as Johnson's supervisor, such theory is unavailing.

To prevail on a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person

7

acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Iqbal, 556 U.S. at 679.

Here, plaintiff's reference to "the deliberate indifference of M. Johnson and his superiors who failed to secure that their employees do their job" is based solely on the superiors' role as supervisors.  As explained above, plaintiff may not sue Frailey based solely on the theory that Frailey is liable for the unconstitutional conduct of defendant Johnson.  See Iqbal, 556 U.S. at 679.

For all of the above reasons, defendants' motion to dismiss is granted.  However, in an abundance of caution, plaintiff is granted leave to amend should he be able to plead facts demonstrating defendant Frailey was deliberately indifferent to a substantial risk of harm to plaintiff while he was subjected to unsanitary living conditions.[3]

    III.  Official Capacity/Qualified Immunity?

Defendants argue that plaintiff seeks damages against them in their individual and official capacities, citing plaintiff's pleading at 7, 11-12. (ECF No. 40 at 8.)  However, in his opposition, plaintiff contends that he only seeks damages based on their individual capacities.  (ECF No. 41 at 4.)

In the caption of his amended complaint, plaintiff claims he sued defendants in their official and individual capacities. (ECF No. 13 at 7.)  However, plaintiff now clarifies that he intended to sue defendants solely in their individual capacities.  Because plaintiff is being granted

---

[3] Because plaintiff's allegations are not clear, and he may be able to amend his pleading to allege facts demonstrating defendant Frailey's culpability, the undersigned declines to address the issue of qualified immunity at this time.  Defendants may renew such argument, if appropriate, following plaintiff's amendment.

8

leave to amend, plaintiff should clearly indicate he is suing defendants in their individual capacities in his second amended complaint. In light of plaintiff's clarification, defendants' qualified immunity arguments are moot.

<u>Leave to Amend</u>

As set forth above, plaintiff is granted leave to file a second amended complaint. Such amended pleading, however, is limited to plaintiff's Eighth Amendment claims against defendants Johnson and Frailey.

In his second amended complaint, plaintiff should renew his claims against defendant Johnson. As to defendant Frailey, plaintiff must allege in specific terms how and when defendant Frailey was involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d at 743. Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey</u>, 673 F.2d at 268.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see <u>Ramirez v. County of San Bernardino</u>, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files a second amended complaint, the original pleading is superseded.

Plaintiff is not required to file exhibits. Plaintiff may request that the court append his previously-submitted exhibits to his second amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (ECF No. 40) is granted.

2. Plaintiff's amended complaint is dismissed.

3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the instant order, the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended

Complaint"; failure to file a second amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

    4. The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: March 14, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/farh2206.mtd