UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUWAI FARHA, | No. 2:20-cv-2206 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| M. JOHNSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's second amended complaint is now before the court. Defendants filed a request for screening. Defendants' request for screening is granted, and, as set forth below, plaintiff's second amended complaint is dismissed with leave to amend.

Exhibits

Initially, the court addresses plaintiff's request that his prior exhibits be appended to his second amended complaint. (ECF No. 47 at 8.) Good cause appearing, the Clerk of the Court is directed to append plaintiff's exhibits (ECF No. 13 at 19-44) to plaintiff's second amended complaint (ECF No. 47).

////

1

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's Allegations

Plaintiff now claims that his cell was subject to a leak/plumbing problems from September 2015 to June 2016, a period of nine months, during which plaintiff had to inhale and live with daily raw sewage. (ECF No. 47 at 5.) Plaintiff wrote and notified both defendant M. Johnson and J. Frailey several times via inmate requests, 602 forms and verbally, that raw sewage was constantly on the floor of plaintiff's cell. Plaintiff avers that defendants knowingly and

2

intentionally falsified responses and statements related to plaintiff's grievances and appeals to mask their neglect of duties to fix the leaks and plumbing problems, by falsely claiming the leaks were fixed. (ECF No. 47 at 6.) Because plaintiff was confined to a wheelchair post-surgery, plaintiff suffered pain, health and psychological problems as a result.

Discussion

The court finds the allegations in plaintiff's second amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. Indeed, the operative pleading contains less factual allegations than his prior pleading. Moreover, plaintiff fails to explain the change in dates his cell was allegedly exposed to raw sewage. In his prior amended complaint, as well as grievance HDSP-16-02925, plaintiff claimed that he was subject to the leak from November 2015 through August 18, 2016. (ECF No. 13 at 8, 24 (Pl.'s Ex. A).) In the operative pleading, plaintiff now claims he was subjected to the leak from September of 2015 to June of 2016. (ECF No. 47 at 5.) Plaintiff must provide an explanation for changing his underlying factual allegations.

Similarly, plaintiff claims that defendants knowingly and intentionally falsified responses and statements related to plaintiff's grievances and appeals; however, the appeals were addressed after June of 2016; indeed, the first level appeal response issued on October 13, 2016. (ECF No. 13 at 20.) Thus, a defendant's role in the appeal process would have occurred after plaintiff's exposure to the leak expired in June of 2016.

In addition, plaintiff has again failed to specifically identify what defendant Johnson and defendant Frailey did or did not do that violated plaintiff's constitutional rights. As explained in the prior order, merely stating that plaintiff wrote and notified defendants of the ongoing sewage problem is insufficient. (ECF No. 44 at 7.) "The circumstances, nature, and duration of the deprivations are critical in evaluating plaintiff's Eighth Amendment claims." (Id.) In addition, given defendant Frailey's supervisory role, plaintiff must provide specific allegations as to Frailey's personal involvement in the alleged violations. The court is not required to review exhibits to determine the nature of the named defendant's involvement.

////

Furthermore, plaintiff names two Doe defendants, identified as "correctional free staff who acted under color of state law as plumbing staff and supervisory staff of plumbing staff." (ECF No. 47 at 3.)  The Ninth Circuit has held that where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds.  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). However, plaintiff does not identify the alleged act or omission committed by each doe defendant which plaintiff contends violated his constitutional rights.  This is insufficient to put prospective defendants on notice of their alleged actions or omissions that plaintiff claims violate his federal rights.  In order to link these doe defendants to the alleged acts or omissions that demonstrate a violation of plaintiff's federal rights, plaintiff is granted leave to amend, to either name the defendants involved, or list the doe defendants involved.  If plaintiff can only list these defendants as John Doe, plaintiff must identify the John Doe as best as possible, and allege specific acts that these doe defendants did, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y."  Plaintiff is reminded that "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

The court has determined that the second amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which each defendant engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court, however, grants leave to file a second amended complaint.

If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or

statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the third amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files a third amended complaint, the original or prior pleading is superseded.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' request for screening (ECF No. 48) is granted.

2. The Clerk of the Court is directed to append plaintiff's exhibits (ECF No. 13 at 19-44) to plaintiff's second amended complaint (ECF No. 47).

2. Plaintiff's second amended complaint is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original of the third amended complaint.

Failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  October 20, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/farh2206.14a.n2

5