ORIGINAL

Farha Mauwai     J-49325
Name and Prisoner/Booking Number

Salinas Valley State Prison
Place of Confinement

P.O. Box 1050 /D5-113
Mailing Address

Soledad, Ca. 93960-1050
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# FILED

JAN 0 3 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

MAUWAI, FARHA                    , )
(Full Name of Plaintiff)    Plaintiff, )
                                       )
                                       )
v.                     )  CASE NO. 2:20-CV-02206KJM-KJN
                                       )      (To be supplied by the Clerk)
(1) T. FOSS                 , )
(Full Name of Defendant)               )
(2) H. WAGNER               , )        **CIVIL RIGHTS COMPLAINT**
                                       )      **BY A PRISONER**
(3) M. JOHNSON              , )
                                       )  ☐ Original Complaint
(4) J. FRAILEY              , )  ☐ First Amended Complaint
                    Defendant(s). )  ☐ Second Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.        **THIRD AMENDED Complaint**

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☑ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    ☐ Other: _____.

2.  Institution/city where violation occurred: HIGH DESERT STATE PRISON in City of Susanville

Revised 3/15/2016                              1

## B. DEFENDANTS

1. Name of first Defendant: _T. Foss_____. The first Defendant is employed as:
   ___CHIEF DEPUTY WARDEN_____ at _HIGH DESERT STATE PRISON_.
   (Position and Title)      (Institution)

2. Name of second Defendant: _H. Wagner_____. The second Defendant is employed as:
   ___ASSOCIATE Warden_____ at _HIGH DESERT STATE PRISON_.
   (Position and Title)      (Institution)

3. Name of third Defendant: _M. Johnson_____. The third Defendant is employed as:
   ___MAINTAINANCE PlUMBER___ at _HIGH DESERT STATE PRISON_.
   (Position and Title)      (Institution)

4. Name of fourth Defendant: _J. Frailey_____. The fourth Defendant is employed as:
   ___Building trade Supervisor_____ at _HIGH DESERT STATE PRISON_.
   (Position and Title)      (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?  ☐ Yes   ☐ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
         _____.

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
         _____.

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
         _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: _42 U.S.C. §12102 et Seq._
_AMERICANS WITH DISABILITIES ACT_.

2. **Claim I.** Identify the issue involved. Check **only one.** State additional issues in separate claims.

☑ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care
☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer     ☐ Threat to safety     ☑ Other: _DISCRIMINATION_.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
_SEE DESCRIPTION OF FACTS IN ATTACHED COMPLAINT_

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
_SEE DESCRIPTION OF FACTS IN ATTACHED COMPLAINT_

5. **Administrative Remedies:**

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☑ Yes   ☐ No

   b. Did you submit a request for administrative relief on Claim I?     ☑ Yes   ☐ No

   c. Did you appeal your request for relief on Claim I to the highest level?     ☑ Yes   ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

## CLAIM II

1. State the constitutional or other federal civil right that was violated: *EIGHTH AMENDMENT TO THE United States Constitution*.

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☑ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☑ Other: *Toxic Exposure*.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   *SEE DESCRIPTION OF FACTS IN ATTACHED COMPLAINT*

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   *SEE DESCRIPTION OF FACTS IN ATTACHED COMPLAINT*

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☑ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☑ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

## CLAIM III

1.  State the constitutional or other federal civil right that was violated: _42 USC§ 1983/1985_
    _DELIBERATE INDIFFERENCE_

2.  **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
    - ☐ Basic necessities
    - ☐ Mail
    - ☐ Access to the court
    - ☐ Medical care
    - ☐ Disciplinary proceedings
    - ☐ Property
    - ☐ Exercise of religion
    - ☐ Retaliation
    - ☐ Excessive force by an officer
    - ☑ Threat to safety
    - ☐ Other: _____.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
    _SEE DESCRIPTION OF FACTS IN ATTACHED COMPLAINT_

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
    _SEE DESCRIPTION OF FACTS IN ATTACHED COMPLAINT_

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No
    b.  Did you submit a request for administrative relief on Claim III? ☑ Yes ☐ No
    c.  Did you appeal your request for relief on Claim III to the highest level? ☑ Yes ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____.

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

5

6

## E. REQUEST FOR RELIEF

State the relief you are seeking: *SEE RELIEF described in attached Complaint*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _12-20-2022_

DATE

SIGNATURE OF PLAINTIFF

_____

(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____

(Signature of attorney, if any)

_____

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

## Introduction

1. This action is brought under 42 U.S.C. §1983 to redress the deprivation of rights secured by the eighth Amendment to the United States Constitution. Specifically, prison officials (The defendants in this action) were knowingly operating the High Desert State prison (HDSP) under an unreasonable high risk of causing injury to plaintiff by subjecting him to exposure to raw/toxic sewage materials and conditions for extended periods of time - while deliberately performing substandard maintenance tasks that failed to correct hazardous conditions.

## Jurisdiction and Venue

2. The eastern district of California, Sacramento division, is the appropriate venue under 28 USC §1391(b)(2), because the events giving rise to this action occured in the county of Lassen, California.

3. The Court has federal question Jurisdiction over the claims presented herein, pursuant to 28 U.S.C. §§1331 and 1343. Also, pursuant to 28 U.S.C. §1367, the plaintiff also invokes the courts supplemental Jurisdiction over the same laws claims presented herein. The court has declaratory relief Jurisdiction under 28 U.S.C. §§2201 and 2202.

## Parties

4. Plaintiff, Farha Mauwai, is a state prisoner currently confined at the Salinas Valley State prison (SVSP). Plaintiff was confined at the High Desert State Prison (HDSP) during the relevant times mentioned herein.

5. Defendant, T. Foss, was the Chief deputy Warden of HDSP during the relevent event described herein. T. Foss, was made away (aware) of the constitutional violations described herein and failed to take any corrective action. T. Foss indirectly participated in the acts or omissions herein mentioned.

-1-

1

6. Defendant, H. Wagner, was the associate Warden of HDSP. During the relevant events described herein. H. Wagner was made aware of the constitutional Violations described herein and failed to take any corrective action. H. Wagner indirectly participated in the acts or omissions Herein mentioned.

7. Defendant, M. Johnson, was a maintenance Plumber at the High Desert State prison (HDSP) during the relevant events described herein. M. Johnson was aware of the constitutional Violations described herein and failed to take any corrective action, and, implemented a Policy So deficient that the Policy itself was a repudiation of Constitutional rights, and was the moving force of the Constitutional Violation. M. Johnson directly participated in the acts or omissions herein mentioned

8. Defendant, J. Frailey, was a building trades Supervisor (BTS) at the HDSP during the relevant events described herein. J. Frailey was away of the Constitutional Violations described herein and failed to take any corrective action, and implemented a policy So deficient that the policy itself was a repudiation of Constitutional rights and was the moving force of the Constitutional Violation. J. Frailey directly Participated in the acts or omissions herein mentioned.

9. Defendants, John Doe(s) one through Ten) (herein after Does 1-10) are each responsible in Some manner for the constitutional Violations to plaintiff alleged herein. The true names and capacities of defendants DOES 1-10 are presently Unknown to Plaintiff, Some of the Does were Supervisors involved in policy making decisions and are Sued in their individual and Official capacities. Plaintiff is informed and believes and therefore alleges on information and belief that each of them is responsible in Some manner for the Constitutional

-2-

8

violations alleged herein. Plaintiff therefore sues Does 1-10 by
such fictitious names and will seek leave to amend the complaint to
add their true names when their names/identities have been ascertained.

10. Each defendant named herein is being sued individually and in
their official capacity, and at all times relevant to the events described
herein, all defendants acted under color of state law.

Statement of facts
a. Summary of the armstrong Remedial Plan (ADA)
Disability Placement Program

11. According to legal media reporting sources, In 1994,
a classaction Lawsuit (Known as "Armstrong") was brought against
the California Department of Corrections (and rehabilitations (CDCR)
under the Americans with disabilities Act (ADA) on behalf of CDCR
inmates with disabilities. The resulting court ordered Armstrong -
remedial Plan is the CDCR's framework for ensuring that inmates
are not excluded from programs, services, or activities, and are
not discriminated against due to a disability. (all information
regarding the armstrong remedial Plan located in this section was
obtained from the CDCR website www.cdcr.ca.gov, and from
the Office of the Inspector General 2015 Special review High Desert -
State prison www.oig.ca.gov)

12. The Disability Placement Program (DPP) is CDCR's set
of Plans, Policies, and procedures related to "Armstrong", in which
inmates with Permanent impairments severe enough to require Special
housing and programing are required to be placed in/assigned to -
designated DPP facilities that will accomodate (accommodate) the-
impairments of those qualified inmates consistent with existing classific-

-3-

9

ation factors.

13. At all designated facilities within CDCR, the department-(CDCR) is required to provide reasonable accommodations or modifications for physical or mental disabilities of qualified inmates. HDSP has been designated DPP institution since 1997, which means that inmates with qualifying impairments will receive reasonable accommodations required

14. Title II of the ADA provides that a "qualified individual" meets the requirements of being regarded as having such an impairment" if the individual establishes that He/she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity. 42 U.S.C. §12102(3)(A)

15. Title II of the ADA Amendments Act of the disability statute Redefined "Major life Activities" as "(A)... for purposes of paragraph (1), major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. 42 U.S.C. §12102 (2).

16. On October 23, 2003, the CDCR classified and placed Plaintiff on disability Placement Program (DPP) designation due his physical impairments. Plaintiffs impairments have been examined by medical doctors and have been determined to be Permanent disabilities that limit/restrict normal function(s). As a result of Plaintiffs Permanent disabilities, Plaintiff has been issued a wheel-chair Permanently, along with other medical/assistive devices to assist in accommodating Physical limitations which include, Sever-Pain Causing external and internal Physical damages to Plaintiff body.

- 4 -

10

17. On the month of September, 2015, Plaintiff was transfered to HDSP and designated for placement into a DPP schedule for accommodation of his disabilities under the "Armstrong Remedial Plan".

18. On information and belief, each institution within CDCR, including HDSP, have local Operational Procedures (OP) within which all assigned-custody staff members employed at each CDCR institution are given specific-instructions on the operation of the prison, including the "Armstrong Remedial Plan".

19 On information and belief, the operational Procedures that each CDCR institutional is specifically instructed on includes direction that staff-are to follow whenever staff become aware of problems maintaining the-toilet/sink facilities where inmates are confined at. Staff are specifically instructed to place a "Work Order" into communication to other staff that have responsibility of Maintaining toilet/sink facilities where inmates are confined at within the CDCR institutions, including HDSP.

20. On information and belief, each institution within CDCR, including HDSP, maintains as a general policy that any custody staff having the - responsibility of supervising inmate(s) must be trained to understand how institutional Procedures affect the maintainance and security of inmate(s) - confined. On information and belief, CDCR maintains as a general policy, and under Procedures adopted under the "Armstrong Remedial Plan", that it is a deprivation of "Legal Rights" to fail to provide the minimum - (minimum) required necessities under the eighth Amendment to the United States Constitution.

b. Excessive Risks Posed By the defendants in creating an environment of dangerous/hazardous health conditions

- 5 -

\\

21. According to a 2015 Special Review of the High Desert State Prison-(HDSP) by the Office of the Inspector General (OIG), in June of 2015, a California State Senate Committee (SSC) requested that the OIG investigate the practices of prison officials at the HDSP regarding a number of allegations - that the safety of both inmates and staff of HDSP were being jeopardized due to multiple reports of excessive use of force incidents and violations of the "Armstrong Remedial Plan". See Inspector General 2015 Special Review Id.

22. According to the 2015 OIG Special Review (Hereinafter "2015 OIG-Report"), during the course of conducting its review of the HDSP Practices, the OIG made the determination that there existed a "perception of insularity and indifference toward inmates" by HDSP staff, that "management of the HDSP discouraged CDCR employees from adversely reporting staff-misconduct", that a "culture of indifference towards inmates included the wide-spread discrimination against inmates assigned to the "Armstrong Remedial Plan-Program" See 2015 OIG REPORT Id.

23. As Part of the authorized review of the HDSP Practices, the OIG found that CDCR's internal Armstrong Compliance review committee that was assigned to monitor compliance with the Armstrong Remedial Plan - had not performed its duty to monitor HDSP compliance, and that the Armstrong Remedial Plan had been deficient/NOT Functioning for years in important areas by the time that the OIG report was completed. See 2015 OIG REPORT Id.

24. One of the major areas reported on by the OIG regarding - the HDSP and the discrimination against ADA inmates states that the HDSP "MANAGEMENT failed to embrace/enforce the reforms mandated by the Armstrong Remedial Ordered Plan", that the management failure to identify or stop the Armstrong Violations from occuring were due to Staff retaliations against prisoners who reported or requested —

-6-

12

disability accommodations or reported Armstrong Violations. The 2015 OIG Report alleged that multiple complaints of similar nature were made to the OIG prompting the need for the OIG to investigate the complaints further, including, the failure to maintain ADA Cells in proper working - order, that water leaks in numerous ADA cells continued, that HDPS Staff were claiming to be unaware of the deficient working Cell. See 2015 OIG REPORT Id.

25. On the Month September, 2015, Plaintiff was transferred to - The HDSP. As the result of being classified by HDSP As having physical - impairments to qualify for placement in the the Armstrong Remedial Plan - program, Plaintiff was placed into a housing facility building designated as disability placement program. Plaintiff was placed into Cell B-4-142.

26. On Information and belief, the cell that Plaintiff Was placed into at the HDSP had a number of problems with holes in the ceiling/walls Pvir (Prior) to Plaintiffs Placement into the cell So that the inmates that had previously been assigned to the Same cell—also made requests to HDSP Staff to repair the holes in the ceiling/walls in the ADA cell.

27. On Information and belief, numerous verbal and written requests to repair Cell B-4-142 were made by inmates Prior to plaintiff's - 2015 Placement into Cell B-4-142.

28. During the months of October, November, December, OF 2015, and, January, February, march, April, may, June, of 2016, Plaintiff made monthly, verbal requests to assigned HDSP staff to place a work order to the maintainance department of HDSP to repair the holes in the ceiling/wall of Cell B-4-142. HDSP staff are required to follow a local procedure which requires Staff to Send electronic communications to the HDSP maintainance department regarding repairs to the cells at HDSP whenever the need for repairs are brought to Staff attention.

-7-

13

29. During the time(s) that Plaintiff made verbal requests to HDSP Staff regarding the need to repair Cell B-4-142 from October through December of 2015, and, January through June, of 2016, staff-informed Plaintiff that the necessary Work order(s) Were communicated to the HDSP Maintainance department, and that nothing more could be-done to expidite (expedite) the necessary repairs to Cell B-4-142 by the maintainance department.

30. Pursuant to Paragraph 25. of this Complaint, the disability Placement cell B-4-142 that Plaintiff Was assigned to leaked enormous-amounts of Water mixed With raw Sewage Continuously So that Plain-tiff Was required to attempt performing the tasts of disinfecting the-cell from the hazard of Sewage leaking down the Wall/ceiling onto the floor. Plaintiff exerted himself to perform the task of disinfecting Cell B-4-142 as often as the leaks occured, Which Was daily, and during the attempt to disinfect the Sewage areas—Plaintiff Was un-able to complete the decontamination and Sanitize the Cell that Plaintiff Was Confined to.

31. Plaintiff's attempts to Sanitize Cell B-4-142, Whenever there occured raw Sewage leaks, Which Was Continuos—dailey (daily), Were Prevented because-of Plaintiff's limited Physical Mobility movement to Self-Care, the Pain involved in attempting to Perform normal movements while physically impaired, and the-refusal of HDSP staff to assign any inmate ADA Workers or (or) Staff to-provide assistance to disinfect Plaintiffs Cell through-out the October 2015 to June 2016 Period of Placement in Cell B-4-142 at the HDSP.

32. On information and belief, CDCR Maintains a Policy through-out all Prison institutions, including HDSP, Where on the first Wensday (or-Week) of every calendar month, the electrical Power and all other—machanical (mechanical) System(s) Within each prison are Turned off

-8-

14

(shutdown) to monitor/examine equiptment, including the water systems within the inmate housing units.

33. On information and belief, during the calendar day of each-month that each CDCR institution, including HDSP, Prison staff are required by policy to enter data into a log book regarding the condition of any equiptment to indicate whether repairs are/are not necessary for proper use.

34. On information and belief, following each examination of their equiptment on the calendar day of each month, each CDCR institution, including HDSP, are required by policy to accept and enter data describing inmate requests for repairs to equiptment and communicate received repair requests to maintainance staff, including the requests that Plaintiff submitted.

35. On or about July 27, 2016, defendant M. Johnson, came to - plaintiffs cell (B-4-142) and gave the appearance to be working for some time in the chase area of cell B-4-142. After a period of time, Defendant M. Johnson stated to plaintiff that he had prepared (repaired) the leaking water/sewege.

36. The water/sewage leaks in plaintiffs cell B-4-142 continued to occur after July 27, 2016.

37. On or about August 8, 2016, Plaintiff submitted an emergency appeal (complaint) alleging that defendant M. Johnson did not fix the water/sewage leaks to cell B-4-142 on July 27, 2016, and requested an investigation into the false claim by M. Johnson. See exhibit A1/A2, attached to this complaint.

38. On or about, August 11, 2016, Defendant M. Johnson came to plaintiffs cell (B-4-142) and gave the appearance to be working for some time in the chase area of cell B-4-142. After a period of time, defendant - M. Johnson stated to plaintiff that he had repaired the leaking water/sewege.

39. The water/sewage leaks to plaintiffs cell B-4-142 continued to occur after August 11, 2016.

40. On or about, September 11, 2016, Plaintiff resubmitted appeal

-9-

15

Log No. HDSP B-16-0295, alleging that water/sewage leaks to -
Plaintiffs cell were still occuring, that defendant M. Johnson had not -
made the necessary repairs. See exhibit A1/A2/A3 attached to this Complaint.

41. On or about, October 13, 2016, defendant H. Wagner filed
a false First level appeal response, alleging that defendant M. Johnson
repaired the water/sewage problem in Cell B-4-142 on August 11, 2016.
See exhibit A4/A5 attached to this Complaint.

42. On or about, November 13, 2016, plaintiff resubmitted
appeal log No. HDSP B-16-0295, alleging that the water/sewage leaks
were Continuing in plaintiffs Cell (B-4-142).

43. On or about, December 1, 2016, defendant T. Foss prepared
/filed a false second level appeal response to log No. HDSP B-16-0295 by
stating that defendants T. Frailey and M. Johnson made repairs to -
Plaintiffs Cell (B-4-142) and found the cell dry from water/sewage on -
October 11, 2016, and November 18, 2016. See exhibit A6/A7 attached to this
Complaint.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

44. Plaintiff exhausted all available administrative remedies
regarding the matters described in this complaint, and have submitted
appeals through the prison appeal process.

Claims for Relief

45. Plaintiff restate and incorporate by reference the
foregoing Paragraphs as if each paragraph was fully set forth
herein

Count No. 1

EIGHTH AMENDMENT (Unreasonable Hazardous
CONDITIONS OF CONFINEMENT)

46. Plaintiff alleges that the defendants T. FOSS,

- 10 -

16

H. Wagner, M. Johnson, J. Frailey, and John Does 1 through 10, all contributed in subjecting plaintiff to long periods of Sewage Water-contact/exposure during and after being made aware of the Violation(s), and that the defendants disregarded the obvious risk of harm to plaintiff which created a policy of failing to take the necessary control of circumstances within the scope of their employment duties, to prevent ongoing harm(s) to plaintiff.

47. Defendants M. Johnson and J. Frailey directly contributed to maintaining an environment posing Substantial risk to plaintiffs health and safety at HDSP by deliberately and knowingly performing Substandard maintainance work task(s) under the guise and influence of a pervasive culture of indifference toward Plaintiff. This Indifference exhibited by defendant(s) M. Johnson and J. Frailey forced Plaintiff to remain confined without ADA accomodation(s)/assistance for long periods of time under health hazardous conditions that caused pain to Plaintiffs disabled body and distress in worrying about being infected with contagious illness or disease

48. Defendants M. Johnson and J. Frailey directly contributed to maintaining an environment posing Substantial risk to plaintiffs health and safety at HDSP by deliberately and knowingly filing false document(s) To misrepresent the substandard work task(s) performed under the guise and influence of a pervasive culture of indifference toward Plaintiff. The misrepresentation of the work task(s) performed by Defendants M. Johnson and J. Frailey were used by other HDSP Staff to excuse the carrying out of the duties to prohibit discrimination(s) against ADA inmates, including Plaintiff.

- 11 -

49. Defendants T. Foss and H. Wagner, were made aware through inmate appeals and other public information sources that DPP inmates were at risk of being exposed to high levels of water sewage in the HDSP inmate housing units, including the Plaintiff, despite a statewide policy under the Armstrong remedial plan implemented to address inmates-including Plaintiff from being discriminated against in the participation of the benefits of services, programs, and activities, in which the defendants continued to maintain a policy or custom of inaction in failing to train and discipline subordinate staff not in compliance with the Armstrong Remedial Plan. Defendant(s) T. Foss and H. Wagner as management administrative officials maintained the deprivations of mimmal (minimal) necessity (ies) of basic need under the eighth amendment to the United States by failing to prevent the hazardous risks to health for extended periods of time, by contributing to a "culture of indifference" and wide spread discrimination against ADA inmates, including Plaintiff, and, by failing to properly investigate and STANTION (sanction) the falsification of documents(s) filed by defendant(s) M. Johnson and T. Frailey as alleged in this complaint.

50.

### Count No. 2 (Americans With Disabilities Act Discrimination)

51. Plaintiff restates and incorporates by reference the foregoing paragraphs 11. through 43. as if each paragraph is fully set forth herein,

52. Plaintiff alleges that defendants T. Foss and H. Wagner maintained a program, service, activity of discrimination against inmates, including Plaintiff, during the months of September, October, November, December of 2015, and January through June of 2016, so that the cell B-4-142 that Plaintiff was assigned to remained contaminated with Sewage Water(s)/materials that was hazardous to human health. The ADA Armstrong remedial Plan (armstrong) was mismanaged by defendants T. Foss and H. Wagner so that inmate complaints against the ADA discrimination continued to deprive inmates, including Plaintiff, of basic necessity of freedom from hazardous conditions. The defendants failed to conduct proper investigations into inmate ADA-Discrimination complaints or discipline staff (staff) for non-compliance with the Armstrong Remedial — Plan.

Count No. 3 (DELIBERATE INDIFFERENCE)

53. Plaintiff restates and incorporates by reference the foregoing paragraphs 11, through 43. as if each paragraph is fully set forth herein.

54. Plaintiff alleges that defendants T. Foss and H. Wagner, with M. Johnson and J. Frailey, knowingly — maintained a policy of discrimination against inmates, including Plaintiff, by conspiring to enter false information into prison records at HDSP that gave appearance that work orders were completed, that defective building condition(s) were repaired, when staff deliberately performed substandard task(s) that failed to correct deteriorated conditions. John Does 1-10 participated in maintaining false information

-13-

in unit housing where inmates, including plaintiff, were assigned, so that actual inmate verbal complaint(s) about hazardous condition would not be entered into electronic forewarding — mediums to reach maintainance staff when received every — month. Failure to maintain an adequate Armstrong remedial Plan program by defendants T. Foss, H. Wagner, The failure of all defendants from entering accurate information regarding the hazardous health conditions of HDSP, and the continued cover up and failure to correct defective conditions at HDSP, Were deliberately indifferent to plaintiffs rights under 42 USCS1983/1985 and the eighth amendment to the United States Constitution

    B) emand for a Jury TRIAL

    55. Pursuant to rule 38(a) of the Federal rules of civil procedure, plaintiff demands a Jury as to all triable issues.

    Prayer for Relief

    Wherefore, Plaintiff respectfully requests that this — Court enter Judgment granting the following relief:

A. Issue a declaratory Judgment stating that:

    1. The acts and Omissions of defendants have violated the eighth Amendment to the united States Constitution, and the Americans With Disabilities Act, and the Atypical and Significant hardship rule Under Sandin V Conner, 515 U.S. 472 (115 S.Ct. 2293, (1995).

B. 1 AWARD nominal damages in the amount of $1 against each defendant Jointly and Severally.

    2. AWARD Compensatory damages in the following amounts:

- 14 -

20

a. $10,000 Jointly and Severally against each defendant.

C.1 Award Punitive damages against each defendant in the amount of :

a. $10,000 Jointly and Severally against each defendant

D. Grant Plaintiffs Costs and fees.

E. Grant Such other relief as it may deem appropriate and Just

date: 12-20-2022

Respectfully Submitted,

Farha Mauwai

21

*Emergency.*

State of California                                                    Department of Corrections and Rehabilitation

RE~~ASONABLE~~ ACCOMMODATION
REQUEST

CDCR 1824 (rev: ?/2014)

| INSTITUTION (staff use only): | EC? | LOG NUMBER (staff use only): |
|---|---|---|
| HDSP B-10 | Y/N | 00718 |

Date Received by Staff (staff use only):
RECEIVE

JUL 2 7 201

### *** TALK TO STAFF IF YOU HAVE AN EMERGENCY ***

<u>Do not</u> use a CDCR 1824 to request health care or to appeal a health care decision. This may delay your access to health care. Instead, submit a CDCR 7362 or a CDCR 602-HC.

| INMATE'S NAME (Print) | CDCR NUMBER | ASSIGNMENT | HOUSING |
|---|---|---|---|
| FARHA MAUT | T-49325 | — | B4-142L |

EXHIBIT A1

### INSTRUCTIONS

- You may use this form if you have a physical or mental disability or if you believe you have a physical or mental disability.
- You may use this form to request a specific reasonable accommodation which, if approved, will enable you to access and/or participate in a program, service, or activity. You may also use this form to submit an allegation of disability-based discrimination.
- Submit this form to the Custody Appeals Office.
- The CDCR 1824 is a request process, not an appeal process. All CDCR 1824 requests will receive a response. <u>Do not</u> use an 1824 to request a response for a group of inmates. If you have received an 1824 decision that you disagree with, submit an appeal (CDCR 602, or 602-HC if disagreeing with a medical diagnosis/treatment decision).

**WHAT CAN'T YOU DO / WHAT IS THE PROBLEM:** I am tierd of cleaning up this water behind my toilet and sink

**WHY CAN'T YOU DO IT:** I am and in A wheelchair

**WHAT DO YOU NEED:** I want maintenance to put some caulking on the floor and the corner of the wall to seal the leaking

_____

(use the back of this form if you need more space)

**Which of the following best describes your disability that caused you to file this request:**

☒ Difficulty walking or getting around   ☒ Difficulty seeing   ☐ Difficulty hearing   ☐ Difficulty talking   ☐ On kidney dialysis

☒ Difficulty using arms/hands   ☒ Difficulty learning   ☒ Difficulty thinking or understanding   ☒ Mental impairment

☒ Other Disability (briefly describe): Back and Knee

| DO YOU HAVE ANY DOCUMENTS THAT DESCRIBE YOUR DISABILITY? | Yes ☐   No ☐   Not Sure ☐ |
|---|---|
| (List and attach documents if available, including: 1845, 7410, 128-C): _____ | |

I understand staff have a right to interview or examine me, and my failure to cooperate may cause this request to be disapproved.

| INMATE'S SIGNATURE | J-49325 | 7-27-16 DATE SIGNED |
|---|---|---|

Assistance completing this form provided by: Peterson Stan
Last Name       First Name       Signature

| ☐ IAP is not required as the CDCR 1824 contains no disability access or discrimination issues. | _____ | _____ |
|---|---|---|
| | Person making determination | Title |

Emergency

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

Side 1

IAB USE ONLY



1606296

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded. **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

Name (Last, First): FARHA MANWAI   CDC Number: J-49325   Unit/Cell Number: B4-142L   Assignment: RECEIVED

**A. Continuation of CDCR 602, Section A only (Explain your issue):** I submitted a
1824 to fix the leak that is
coming from up stairs shower in c-section
and the chase next to it IT leak
_____ water and also leaks
From the lower shower in tg
my cell behind the toilet and
under my sink and Also _____
the wall from up stair. the
Plumber m. _____ did _____
the leak. other wise I would
not be writing this 602. this
need to be fixed Now.
this was Not Fixed on _____ several
Emergency _____ have bein
submitted with negetive
Resaults.
Please HELP Now.

Inmate/Parolee Signature: _____   Date Submitted: _____

HDSP APPEALS
**RECEIVED**
OCT 31 2016
HDSP APPEALS

RECEIVED 00A
DEC 16 2016

S T A F F   U S E   O N L Y

EXHIBIT A2

**B. Continuation of CDCR 602, Section B only (Action requested):** the _____ leak needs
To be Fixed and the Floor and ceiling
needs to be _____ so is the Floor. this
is an
Emergency. and that this
complaint be Filed for _____ Against
Plumber m. Johnson and supervisors.
and this be Investigated.

Inmate/Parolee Signature: _____   Date Submitted: _____

23

IAB USE ONLY

Institution/Parole Region: Log #: Category:
MCCP-B4-16-02975

1606296 J49325

You may appeal any ~~rehabilitation~~ (CDCR) decision, action, condition, policy or regulation that has a material adverse effect ~~.... Section 3084.1~~. ...r prescribed method of departmental review/remedy available. See California Code of Regulations, ~~.... Section 3084.1~~. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.          **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| FARHA MALIKAT | J-49325 | B4-142 | N-A |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
Leak under sink and toilet and ceiling.

A. Explain your issue (if you need more space, use Section A of the CDCR 602-A):
thrive has been numerus Emergency
work orders for the leak in this cell
from

B. Action requested (if you need more space, use Section B of the CDCR 602-A):
that theese free staff be investigated
and that I be ~~compensated~~ for the wark
and headach that I suffered cleaning this
Filthy ~~....~~ leaks

RECEIVED
HDSP APPEALS

RECEIVED
OCT 31 2016
HDSP APPEALS

REC BY 80A
DEC 16 2016

EXHIBIT A3

Supporting Documents: Refer to CCR 3084.3.
☒ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory, CDC 128-G, Classification Chrono):
CDCR 1824 also c/os in ~~....~~ have all
the

☐ No, I have not attached any supporting documents. Reason : _____

Inmate/Parolee Signature: /A          Date Submitted: ~~....~~

☐ **By placing my initials in this box, I waive my right to receive an interview.**

---

**C. First Level - Staff Use Only**                    Staff – Check One: Is CDCR 602-A Attached? ☒ Yes ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ ~~....~~ of Review.
Assigned to: Business SW (PLNT) Title: AW Date Assigned: ~~....~~ Date Due: 10/26/16

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: ~~....~~ 10/11/16 Interview Location: ~~....~~ B4-142
Your appeal issue is: ~~....~~ ☐ Denied ☐ Other: _____
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: Mike Johns Title: PLT Signature: _____ Date completed: 10/11/16
          (Print Name)
Reviewer: J. Shelton Title: AW (A) Signature: _____
          (Print Name)
Date received by AC: mc 10/25/16

AC Use Only
Date mailed/delivered to appellant 10/26/16

6
24

# Memorandum

Date : October 13, 2016

To : Farha, J49325
FBB4-142 ✓
High Desert State Prison

Subject: **APPEAL LOG # HDSP-B-16-02925 FIRST LEVEL RESPONSE**

**APPEAL DECISION:** Appeal is ~~partially~~ granted.

**APPEAL ISSUE:** You ~~state~~ in your appeal that the C Section upper shower leaks into your cell and goes down the wall from your ceiling. You also state that the ~~lower shower leaks into~~ your cell behind your toilet and sink.

**APPEAL REQUEST:** You are requesting the leak in your cell be repaired, free staff be investigated, and that you are compensated for this issue.

**APPEAL RESPONSE:** Inmate Farha, you were ~~interviewed on October 11~~, 2016, ~~by~~ M. ~~Johnson, Plumber~~ II (PL II). ~~During~~ the interview you ~~stated~~ that you ~~wanted monetary compensation~~ for the water leaking into your cell and the ~~leaks were not repaired~~. In reaching a decision on your appeal, your CDCR Form 602 and its attachments, applicable sections of the California Code of Regulations Title 15, the Department Operations Manual, and the Penal Code were reviewed and considered.

A review of the High Desert State Prison Test of Adult Basic Education (TABE) database indicates that you do not have a Reading Grade Point Level below 4.0. Your TABE score is 9.1 per the Disability and Effective Communication System (DECS). Further review of DECS reveals that you have no disabilities requiring special accommodation to achieve effective communication. However, effective communication was achieved during your First Level interview by using normal conversational tones, your personal interaction with the interviewer, and the detail with which you were able to ~~restate~~ the discussion in your own words.

Inmate Farha, ~~you stated~~ the leak into your cell ~~was not repaired~~. M. ~~Johnson~~, Plumber II, ~~repaired the leaks~~ into your cell on ~~August 11~~, 2016. M. Johnson, Plumber II ~~re-verified on October 11~~, 2016 that ~~there were no leaks~~ in your cell.

Inmate Farha, your ~~appeal was reviewed by~~ the Chief Deputy Warden on ~~August 15~~, 2016, for processing as a Staff Complaint. On ~~August 15~~, 2016, the Chief Deputy Warden ~~determined~~ your appeal ~~did not meet the criteria~~ to be processed as a Staff Complaint. As such, ~~no personnel issues~~ will be addressed.

Your request for ~~monetary compensation is~~ beyond the scope of the appeals process and therefore is ~~denied~~.



EXHIBIT A4

25

Farha, J49325
Page 2

Your CDC-602 Inmate Appeal has been reviewed for consideration as processing as an emergency appeal and has been determined that your appeal does not meet the criteria outlined in CCR Section 3084.9.

Based on the above information, your CDCR Form 602 is partially granted.

H. WAGNER
Associate Warden
High Desert State Prison

cc: ERMS File
    Appeal File

EXHIBIT A5

Appeal Log #: HDSP-B-16-02925

# Memorandum

Date : ~~December 4~~, 2016

To : Inmate Farha, J49325
FBB4-142 √
High Desert State Prison

Subject : **APPEAL LOG # HDSP-B-16-02925 ~~SECOND LEVEL~~ RESPONSE**

**APPEAL DECISION:** Appeal is ~~partially granted~~.

**APPEAL ISSUE:** You state that your cell ~~still leaks~~ when it rains and you are asking for monetary ~~compensation for~~ the ~~nine months~~ you had to live in unsanitary conditions. You ~~also state~~ that Plumber II (PLII) M. ~~Johnson did not repair~~ the leaks professionally.

**APPEAL REQUEST:** You are requesting monetary compensation ~~and~~ for the leaks in your cell to ~~be repaired~~.

**APPEAL RESPONSE:** Inmate Farha, you were ~~interviewed on November 18~~, 2016, ~~by~~ Supervisor of Building Trades (SBT) J. ~~Frailey~~. During the interview you ~~stated~~ you were ~~going to keep filing~~ appeals ~~until~~ you were ~~awarded monetary~~ compensation for this CDCR 602 appeal. SBT J. ~~Frailey~~, and PL II M. ~~Johnson~~, ~~inspected the repairs again during the interview.~~ SBT J. Frailey, and PL II M. Johnson, inspected the cell for water leaks ~~and found the areas~~ to be ~~dry~~. SBT J. Frailey, and PL II M. Johnson, also inspected the plumbing chase for leaks and ran the showers to see if they were leaking during use. SBT J. Frailey, and PL II M. Johnson, ~~determined all~~ of the plumbing was ~~functioning properly~~. SBT J. ~~Frailey~~ ~~explained~~ that Carpenter II N. ~~Mustain, will apply epoxy to~~ the roof and floor joints to ~~prevent any further~~ water leaks during rain storms. You ~~stated that numerous~~ emergency work orders were submitted ~~by~~ the Correctional ~~Officers~~ for the issues listed in your appeal. Plant Operations ~~only received two~~ work orders from staff ~~from~~ ~~November 2015 to November 2016~~ regarding the issues listed in your CDCR 602 appeal. The ~~first~~ work order was ~~submitted July 28~~, 2016, regarding your sink leaking and the ~~second~~ work order was ~~submitted August 11~~, 2016, ~~regarding~~ the C section shower leaking into ~~your cell~~. A ~~GA-22 form was~~ received, and processed, from you ~~on July 21~~, 2016, ~~requesting~~ the water leaks underneath your toilet and sink be ~~repaired. During~~ the period of ~~November 2015 to December 2016 two additional~~ work orders ~~were created~~ by PL II M. Johnson, during his daily rounds. On February 1, 2016, PLII M. Johnson repaired your sink drain and checked the toilet. On ~~April 7~~, 2016, PL II M. ~~Johnson, checked~~ for water leaks behind the panels in your cell. The ~~repairs were verified~~ by PL II M. Johnson, ~~on October 11~~, 2016, and ~~again on November 18~~, 2016.

In reaching a decision on your appeal, your CDCR Form 602 and its attachments, applicable sections of the California Code of Regulations Title 15, the Department Operations Manual, and the Penal Code were reviewed and considered.



Inmate Farha, your ~~appeal~~ was ~~reviewed~~ by the Chief Deputy Warden ~~on August 15,~~ 2016, for processing as a Staff Complaint. On August 15, 2016, the Chief Deputy Warden ~~determined~~ your appeal ~~did not meet~~ the criteria to be processed as a Staff Complaint. As such, ~~no personnel issues~~ will be addressed.

Your request for monetary compensation is beyond the scope of the appeals process and will not be addressed in this CDCR 602 response.

A review of the High Desert State Prison (HDSP) Test of Adult Basic Education (TABE) database indicates that you do not have a Reading Grade Point Level of 4.0 or below. Your TABE score is 9.1 per the Disability and Effective Communication System (DECS). Further review of DECS reveals that you have no disabilities requiring special accommodation to achieve effective communication. However, effective communication was achieved during your interview by using normal conversational tones, your personal interaction with the interviewer, and the detail with which you were able to restate the discussion in your own words.

All submitted documentation and supporting arguments have been considered. Additionally, a ~~thorough~~ review has been conducted ~~into your claim and evaluated~~ in accordance with HDSP's institutional procedures and departmental policies.

Based on the above information, your CDCR Form 602 is ~~partially granted~~.

If you are dissatisfied with this decision, you may appeal to the Third Level by following the instructions on the back of your CDCR Form 602.

T. FOSS
Chief Deputy Warden
High Desert State Prison

cc: ERMS File
    Appeal File

EXHBIT AT

10
28

# THIRD LEVEL APPEAL DECISION

Date: FEB 23 2017

In re: Mauwai Farha, J49325
High Desert State Prison
P.O. Box 270220
Susanville, CA 96127

TLR Case No.: 1606296          Local Log No.: HDSP-16-02925

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner T. Lee, Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that there has been a leak in the appellant's cell from November 2015 through August 18, 2016. The appellant contends a CDCR Form 1824, Reasonable Accommodation or Modification Request was submitted on the leak that is coming from the upstairs shower in section "C". The appellant asserts the leak contains sewage and that Plumber II, M. Johnson has not fixed the leak. The appellant requests the "free staff be investigated; to be compensated for the work and headache suffered; and for the leak to be fixed.

**II   SECOND LEVEL'S DECISION:** The reviewer found basis to partially grant the appeal. The Second Level of Review (SLR) established that the Supervisor of Building Trades (SBT), J. Frailey and Plumber II Johnson inspected the appellant's cell for water leaks; found the appellant's cell to be dry and determined all of the plumbing was functioning property. SBT informed the appellant that Carpenter II, N. Mustain, would apply epoxy to the roof and floor joints to prevent any further water leaks during rain storms. The SLR identified two previous work orders were located. The first one was submitted on July 28, 2016, regarding the appellant's sink and the second was received on August 11, 2016, regarding section "C" shower, leaking into the appellant's cell. The SLR found two from November 2015 to December 2016; two additional work orders were created by Plumber II Johnson during his daily rounds. The SLR found on February 1, 2016, the appellant's sink drain was repaired and the appellant's toilet was checked; and on April 7, 2016, the appellant's cell was checked for water leaks behind the panels of the appellant's cell. The SLR notes requests for monetary compensation are beyond the scope of the appeals process. The appeal was partially granted at the SLR.

**III  THIRD LEVEL DECISION:** Appeal is denied.

**A.  FINDINGS:** The Third Level of Review (TLR) finds that the appellant's concerns have been adequately addressed by the previous levels of review. The TLR notes the SLR confirmed an inspection of the appellant's cell found the cell to have no leaks. The TLR notes SBT has documented all repairs made to the appellant's cell, and has kept track of the work orders and requests. The TLR concurs that monetary compensation is beyond the scope of the appeals process. In view of the above information, further relief cannot be afforded at the TLR.

The appellant indicated that the appeal was to be considered as an emergency. Following review of the issues, it was found not to have met the emergency criteria as described in California Code of Regulations, Title 15, Section (CCR) 3084.9(a). The appeal was processed as a routine matter.

**B.  BASIS FOR THE DECISION:**
CCR: 3000, 3001, 3084.1, 3270, 3380

**C.  ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.

T. LEE, Appeals Examiner
Office of Appeals

M. VOONG, Chief
Office of Appeals

cc:    Warden, HDSP
       Appeals Coordinator, HDSP

PROOF OF SERVICE BY MAIL

BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, MUAWIA FARHA #J-49325, declare:

I am over 18 years of age and a party to this action. I am a resident of CDCR
Salinas Vally State Prison Prison,

in the county of Soledad.

State of California. My prison address is: P. OBOX. 1050
DS-113L. Soledad, CA. 93960.

On 12-28-22,

_____(DATE)_____

I served the attached: CIVIL Complaint
3rd Amended Complaint.

_____(DESCRIBE DOCUMENT)_____

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope,

with postage thereon fully paid, in the United States Mail in a deposit box so provided at the

above-named correctional institution in which I am presently confined. The envelope was

addressed as follows: United States District Court
EAstern District of CALifornia
501. I. Street Suite. 4-200
Sacramento. CA. 93960

I declare under penalty of perjury under the laws of the United States of America that the

forgoing is true and correct.

Executed on 12-28-22

_____(DATE)_____          _____(DECLARANT'S SIGNATURE)_____