UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUWAI FARHA,<br><br>   Plaintiff,<br><br>   v.<br><br>T. FOSS, et al.,<br><br>   Defendants. | No. 2:20-cv-2206 KJM KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, in an action brought under 42 U.S.C. § 1983. On October 20, 2022, the court dismissed plaintiff's second amended complaint with leave to amend. On January 23, 2023, plaintiff filed a third amended complaint. Subsequently, defendants Frailey and Johnson filed a request that the court screen the pleading and extend their time to respond.

Defendants' request for screening and extension of time are granted; as discussed below, the undersigned finds plaintiff stated potentially cognizable claims as to defendants J. Frailey, M. Johnson, T. Foss, and H. Wagner, but finds plaintiff's remaining claims fail and should be dismissed without further leave to amend.

Operative Pleading

Plaintiff has physical impairments and is classified as part of the CDCR's Disability Placement Program ("DPP"), and was issued a permanent wheelchair, along with other medical

1

assistive devices. (ECF No. 53 at 10.) In September of 2015, plaintiff was transferred to High Desert State Prison ("HDSP") and housed in cell B-4-142 in a building designated as DPP. (ECF No. 53 at 13.) Plaintiff's pleading is based on unsanitary conditions that he claims existed in plaintiff's cell B-4-142 at HDSP for an extended period of time. Specifically, he alleges:

There were holes in the ceiling and walls of cell B-4-142 that leaked water and raw sewage. On information and belief, such holes existed prior to his transfer there, and prior inmates also requested repairs, to no avail. From October of 2015 through June of 2016, despite multiple verbal requests to place a work order for repair, plaintiff was informed that the work orders were communicated, and nothing further could be done to expedite the repairs. On a daily basis, plaintiff's cell "leaked enormous amounts of water mixed with raw sewage continuously," requiring plaintiff to attempt to daily disinfect his cell, to no avail. (ECF No. 53 at 14.) On July 27, 2016, defendant Johnson came to plaintiff's cell and appeared to work for some time on the problem. After a period of time, Johnson informed plaintiff the leak was repaired, but the leaks continued. On or about August 8, 2016, plaintiff submitted an emergency appeal alleging that Johnson failed to fix the leaks and requested an investigation. On August 11, 2016, Johnson returned and again appeared to work in the "chase area" of cell B-4-142. After a period of time, Johnson informed plaintiff the leak was repaired, but the leaks continued. On September 11, 2016, plaintiff again filed an appeal about the water/sewage leaks. On October 13, 2016, defendant Wagner filed a false first level response claiming Johnson made the necessary repairs. On November 13, 2016, plaintiff resubmitted the appeal alleging that the water/sewage leaks were continuing, but on December 1, 2016, defendant Foss filed a false second level appeal response claiming Frailey and Johnson made repairs and found the cell dry on October 11, 2016, and November 18, 2016. Despite informing defendants Johnson, Frailey, Foss and Wagner that the leaks continued, none of these defendants took corrective action that would provide plaintiff sanitary housing. In addition, both Johnson and Frailey conspired to enter false information into prison records to give the appearance that work orders were completed and repairs were made, while performing substandard repairs and deliberately failing to correct the deteriorated conditions. Also, defendants Foss and Wagner were made aware through inmate appeals and

other public information sources that DPP inmates, including plaintiff, were at risk of being exposed to high levels of water sewage in the HDSP inmate housing units, including plaintiff's cell, despite the Armstrong Remedial plan's policy to address such issues. (ECF No. 53 at 18.) Plaintiff contends such defendants failed to prevent the hazardous risks to his health by failing to properly investigate the falsification of the appeal responses by defendants Johnson and Frailey.

On the basis of such allegations, plaintiff claims violation of the Americans with Disabilities Act ("ADA"), citing discrimination and various violations of the Armstrong Remedial Plan; failure to provide basic necessities and imposing toxic exposure in violation of the Eighth Amendment; and deliberate indifference/threat to safety. (ECF No. 53 at 3-5, 9-11.) Plaintiff claims he was exposed to a substantial risk of harm due to the raw sewage and suffered pain and distress in attempting to clean up the toxic waste while confined to a wheelchair. Plaintiff seeks money damages.

Discussion

The court reviewed plaintiff's third amended complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable Eighth Amendment claims against defendants M. Johnson, J. Frailey, T. Foss, and H. Wagner, based on such lengthy unsanitary conditions. See 28 U.S.C. § 1915A. By separate order, the court will direct service on defendants T. Foss and H. Wagner and set a deadline for defendants M. Johnson and J. Frailey to file a responsive pleading. For the reasons stated below, the undersigned finds that the second amended complaint does not state cognizable claims based on the remaining allegations.

Armstrong Remedial Plan

Plaintiff alleges that defendants violated the remedial plan issued in Armstrong.[1] However, remedial orders issued in actions such as Armstrong, even though based on the ADA, do not provide inmates with an independent cause of action under Section 1983. See Brown v.

---

[1] The Armstrong Remedial Plan refers to a remedial order issued in Armstrong v. Davis, No. CV 94-2307-CW (N.D. Cal.), to enjoin practices that discriminated against disabled inmates in California prisons. See Armstrong v. Davis, 275 F.3d 849 (9th Cir. 2001), abrogated on other grounds by Johnson v. California, 543 U.S. 499 (2005), as recognized in B.K. by next friend Tinsley v. Snyder, 922 F.3d 957, 974 (9th Cir. 2019).

1 Brown, No. 1:14-CV-01184-LJO, 2015 WL 2374284, at *6 (E.D. Cal. May 18, 2015) (holding
2 plaintiff could not state Section 1983 claim based on failure to comply with remedial plan or
3 consent decree in Armstrong, Coleman v. Brown, and similar actions).  Accordingly, plaintiff's
4 claims based on Armstrong are not cognizable herein.  If plaintiff wishes to pursue a claim under
5 Armstrong, he "must pursue his request via the consent decree or through class counsel."
6 Crayton v. Terhune, 2002 WL 31093590, at *4 (N.D. Cal. Sept. 17, 2002).

ADA

The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.

Plaintiff again fails to name a proper defendant in connection with any ADA claim.  The ADA claim alleged in plaintiff's second amended complaint was dismissed without prejudice for failure to name a proper defendant. (ECF No. 22.)  The third amended complaint suffers from the same defect.  Stewart v. Unknown Parties, 483 F. App'x 374, 374 (9th Cir. 2012) (citing Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002)) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act ("RA") provides for individual capacity suits against state officials.").

Also, plaintiff fails to state a cognizable claim under the ADA.  Plaintiff alleges he is disabled and requires a wheelchair, but he does not allege that any defendant subjected him to discrimination because of a disability.  In addition, merely claiming that defendants discriminated against plaintiff, standing alone, is insufficient.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  It is insufficient, without more, to simply claim plaintiff was housed in the DPP unit and suffered a disability.

Because plaintiff has already been granted an opportunity to amend to name a proper defendant and to state a cognizable ADA claim, but again fails to do so, the undersigned recommends that the ADA claim be dismissed without leave to amend.

4

Putative Claims

Plaintiff asks the court to exercise supplemental jurisdiction over the state law claims presented herein. (ECF No. 53 at 7.) However, plaintiff identifies no state law claims in his pleading. (Id., passim.) Even if plaintiff intended to assert a state law tort claim, the claim would fail because he does not plead compliance with the California Government Claims Act ("Act").[2] The Act requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). Timely claim presentation is not merely a procedural requirement of the Act but is an element of a plaintiff's cause of action. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (2007). Thus, when a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. Id. The requirement that a plaintiff asserting claims subject to the Act must affirmatively allege compliance with the claims filing requirement applies in federal court as well. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

In his prayer for relief, plaintiff also claims defendants violated the "atypical and significant hardship rule under Sandin v. Conner, 515 U.S. 472 (1995)." (ECF No. 53 at 20.) However, plaintiff includes no factual allegations supporting such claim in the body of his pleading. (ECF No. 53, passim.) To the extent plaintiff attempts to challenge the unsanitary conditions of his cell under the Fourteenth Amendment, such claim is subsumed by the Eighth Amendment and does not state a separate Fourteenth Amendment claim. See Albright v. Oliver, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing such a claim.") (internal quotes and citation omitted); Whitley v. Albers, 475 U.S. 312, 327(1986) (the

---

[2] Formerly known as the California Tort Claims Act. City of Stockton v. Superior Court, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

1    Fourteenth Amendment affords a prisoner no greater protection than the Eighth Amendment),

2    abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010).

3    Doe Defendants

4    Finally, plaintiff names ten Doe defendants. The Ninth Circuit has held that where a

5    defendant's identity is unknown prior to the filing of a complaint, the plaintiff should be given an

6    opportunity through discovery to identify the unknown defendants, unless it is clear that

7    discovery would not uncover the identities or that the complaint would be dismissed on other

8    grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v.

9    Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). However, plaintiff does not identify each defendant

10   doe and his or her alleged act or omission which plaintiff contends violated his constitutional

11   rights. Rather, he simply claims such Doe defendants "are each responsible in some manner" for

12   the alleged constitutional violations. (ECF No. 53 at 8.) This is insufficient to put prospective

13   defendants on notice of their alleged actions or omissions that plaintiff claims violate his federal

14   rights. In order to link these doe defendants to the alleged acts or omissions that demonstrate a

15   violation of plaintiff's federal rights, plaintiff is granted leave to amend, to either name the

16   defendants involved, or list the doe defendants involved. If plaintiff can only list these defendants

17   as John Doe, plaintiff must identify the John Doe as best as possible, and allege specific acts that

18   these doe defendants did, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y." Plaintiff is

19   reminded that "[a] plaintiff must allege facts, not simply conclusions, that show that an individual

20   was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d

21   1193, 1194 (9th Cir. 1998).

22   Moreover, plaintiff's use of Doe defendants is problematic, see Gillespie, 629 F.2d at 642,

23   and ultimately unnecessary. Rule 15 of the Federal Rules of Civil Procedure, not state law "Doe"

24   pleading practices, governs whether new defendants may be added and if so, whether the claims

25   against them would relate back to the filing of the initial complaint. Should plaintiff learn the

26   identities of the "Doe" parties he wishes to serve, he must promptly file a motion pursuant to Rule

27   15 to file an amended complaint to add them as defendants. See Brass v. County of Los Angeles,

28   328 F.3d 1192, 1197-98 (9th Cir. 2003). Because plaintiff proceeds in forma pauperis, he must

provide a proposed amended complaint along with his motion. If the timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after the action was commenced. Additionally, unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants.

If plaintiff learns of the identities of such Doe defendants through discovery in this case, he shall promptly file a motion to amend, accompanied by an amended pleading that sets forth the specific facts supporting his claims against such defendant.

Conclusion

The undersigned finds plaintiff stated potentially cognizable Eighth Amendment claims against defendants Foss, Wagner, Johnson and Frailey, and will address service of process issues by separate order. On the other hand, plaintiff failed to name the proper defendant for an ADA claim, failed to allege facts stating a cognizable ADA claim and failed to include any state law claims. Plaintiff's remaining allegations fail to provide sufficient facts to demonstrate a constitutional violation.

Leave to Amend?

The court should only deny leave to amend when it "is satisfied that the deficiencies in the complaint could not possibly be cured by amendment." Jackson v. Carey, 353 F.3d 750, 758 (9th Cir. 2003); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Because plaintiff has been provided two opportunities to amend the complaint, including detailed orders providing the elements for his putative claims, it appears that further amendment would be futile. See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb. 10, 2009) ("where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad."); Hebbe v. Pliler, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

7

Therefore, the undersigned recommends that such claims be dismissed without leave to amend, but without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' request for screening (ECF No. 54) is granted;

2. Defendants Frailey and Johnson are relieved from their obligation to respond to the third amended complaint until further order of the court;

3. The third amended complaint states potentially cognizable Eighth Amendment claims against defendants M. Johnson, J. Frailey, T. Foss, and H. Wagner. By separate order, the court will direct service on defendants T. Foss and H. Wagner and set a deadline for defendants M. Johnson and J. Frailey to file a responsive pleading; and

4. If plaintiff identifies a Doe defendant through discovery, plaintiff shall promptly file a motion to amend, accompanied by a proposed amended pleading that sets forth the specific facts supporting his claims against such defendant.

Further, IT IS RECOMMENDED that plaintiff's ADA claim, state law claims, and remaining putative claims are dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 20, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/farh2206.57.scr